26724. PATTERSON *v.* CURTIS PUBLISHING COMPANY.

DECIDED MAY 20, 1938. REHEARING DENIED JULY 14, 1938.

*McCullar & McCullar,* for plaintiff.

*Harris, Harris, Russell & Weaver,* for defendant.

BROYLES, C. J. This is an action at common law to recover expenses of litigation, including attorney's fees, incurred and paid by the plaintiff in prosecuting his claim for compensation before the Department of Industrial Relations; and also to recover, "because of the defendant's bad faith and stubbornly litigious attitude in inciting this litigation," the following additional sums: $250 "for his attorney's fees in prosecuting this action;" $10 as nominal damages, and $500 as punitive damages. It appears from the petition that in the previous suit the plaintiff (then the claimant) obtained an award in his favor of $2320, which was paid him by the insurance carrier. The petition fails to show whether in that case the claimant sought to recover the expenses of his litigation. However, construing the petition most strongly against the plaintiff, it can properly be assumed that he either presented a claim for such expenses and that it was denied, or that he failed to make such a claim. It is well settled that a proceeding under the compensation act is a proceeding against the employer, and that the insurance carrier's only obligation is to pay any award of compensation rendered against the employer. Code, § 114-606. It is likewise well settled that the compensation act covers the entire subject-matter of a claim for injuries by an employee against his employer, and that the remedy given by the act is in lieu of any remedy formerly afforded by an action at common law. Code,

§ 114-103. Furthermore, if the Department of Industrial Relations shall determine that the proceedings in any claim for injuries have been defended by the employer without reasonable ground, the whole cost of the proceedings may be assessed against him. § 114-712. The act also provides that the Department of Industrial Relations may allow the claimant reasonable attorney's fees (§ 114-714) ; and that *all* questions arising under the act, if not settled by agreement of the parties (with the approval of the department), shall be determined by the directors (§ 114-715). Under these Code sections, it clearly appears that the plaintiff could have asserted before the Department of Industrial Relations his present claim for expenses of litigation; and having failed to so do, the award rendered by the department against his employer, and which was paid to him as claimant, adjudicated all differences between them. The instant suit was properly dismissed on general demurrer.

The contention of the plaintiff (which was set forth in his petition), that because of the act of 1937 (which abolished the Department of Industrial Relations) his present suit is maintainable is without merit. That act can not affect proceedings arising out of a case which was based on an injury occurring in 1933.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

MacINTYRE, J., concurring specially. This is a proceeding by E. L. Patterson against the Curtis Publishing Company, filed in the superior court of Bibb County. It is essentially a common-law proceeding for recovery of attorney's fees alleged to have been incurred by the plaintiff in obtaining an award of compensation before the industrial commission, because of injuries arising out of and in the course of the plaintiff's employment with the defendant. The petition was dismissed on general demurrer, and in my opinion rightly so, because an award of attorney's fees under the provisions of the workmen's compensation act is governed exclusively by the terms of such act, and can be recovered only in the proceeding in which the statute authorizes its allowance. 71 C. J. 1399, § 1343. No right exists for recovery of attorney's fees in a common-law action independently of the terms of the workmen's compensation act, by reason of a proceeding to obtain compensation under the terms of that act, no matter how unreasonably litigious the defendant employer might have been.