GRICE *et al. v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

No. 12436.   DECEMBER 2, 1938.

*Harwell & Harwell,* for plaintiffs.

*John A. Dunaway* and *Bryan, Middlebrooks & Carter,* for defendant.

RUSSELL, Chief Justice. Suit was filed by Mrs. Clara Grice, individually and as next friend for her minor children, against United States Fidelity & Guaranty Company, seeking a judgment for $3000 and interest. The action was based on a contract of workmen's compensation insurance issued by the defendant to DeKalb County, alleged to be in force on September 15, 1931, when the husband of the plaintiff, then an employee of the county, was killed by an accident which arose out of and in the course of his employment. The petition was dismissed on general demurrer, and the plaintiffs excepted.

The following allegations are contained in the petition as amended: "18. That petitioners, while entitled to said benefits [contained in the policy of insurance, copy of which is attached to the petition], can not enforce the payment of said benefits either against said DeKalb County or said defendant in the Department of Industrial Relations of Georgia, the tribunal ordinarily having jurisdiction of matters of compensation under said act, for the

reason that said tribunal has no jurisdiction to enforce payment of said benefits. 19. Petitioners allege therefore that they have no remedy to enforce their rights to said benefits before said tribunal; and petitioners therefore bring this petition in a court of equity to enforce their rights to said benefits which they are entitled to under said contract of insurance, and they bring this suit on said contract of insurance to recover said benefits to which they are entitled under the law. . . 20. Petitioners are entitled to and have the right to recover for the homicide of said Thomas G. Grice compensation provided by said workmen's compensation act; but they have no adequate remedy at law, for the reasons stated, but in equity and justice they are entitled to recover of defendant the amount of compensation provided by said act. . . And they therefore come into a court of equity and pray to recover of defendant the sum of three thousand ($3000) dollars, and pray judgment against defendant for said sum of three thousand ($3000) dollars. 21. Petitioner Mrs. Clara Grice further says that under the name of Mrs. T. G. Grice she filed her claim for compensation for the homicide of her husband, Thomas G. Grice, with the Department of Industrial Relations of the State of Georgia, and that said Department dismissed her claim for compensation, for want of jurisdiction. This occurred prior to the filing of this suit. 22. Petitioners pray for such other and further relief that they may be entitled to in a court of equity."

Counsel for the plaintiffs contend that the policy of insurance on which this action is based "seems to have a double provision, namely: (a) A direct obligation to the employee under the workmen's compensation act. This is under one (a) above quoted. (b) A common-law liability for damages sustained by the employee, or an agreement to indemnify the employer for damages sustained by the employee. This is under one (b) of the policy." The policy thus referred to contains the following agreements: "One (a) To pay promptly to any person entitled thereto, *under the workmen's compensation law and in the manner therein provided* [italics ours] the entire amount of any sum due, and all installments thereof as they become due. . . One (b) To indemnify this *employer* [italics ours] against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed, wherever such injuries

may be sustained within the territorial limits of the United States of America or the Dominion of Canada." Paragraph D of this policy provides: "If the law of any State in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by any commission, board, or other State agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof as respect any matter subject thereto, as fully as if written herein."

By an act approved March 24, 1933 (Ga. L. 1933, p. 184), amending § 114-607 of the Code, it was provided: "A policy of insurance issued under the Georgia workmen's compensation act shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this act shall not plead as a defense that the employer is not subject to the act; and an insurer who issues to an employer subject to the act a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee, or to the dependents of a deceased employee, for a compensable accident as if the employer and/or the employee were subject to the act, the policy of compensation insurance constituting a definite contract between all parties concerned." Before the passage of the above-quoted act a majority of this court held, in answer to a question certified by the Court of Appeals, that "The insurance carrier, insuring the payment of compensation as provided by the act to any officer or official not occupying the legal status of an employee, will not be estopped, by reason of the issuance of such policy of insurance and the acceptance of premiums thereon, including premiums based upon the salary or wages paid to such officer or official, from denying that the relation of employer and employee existed between such municipal corporation and any such officer or official." *Parker* v. *Travelers Ins. Co.*, 174 *Ga.* 525 (4) (163 S. E. 159, 81 A. L. R. 472). In *Floyd County* v. *Scoggins*, 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286), this court held: "So much of the workmen's compensation act as requires the counties of this State to insure their employees against, or pay them compensation for, personal injuries or for their deaths while in the employment of the counties, violates art. 7, sec. 6, par. 2, of the constitution of this State,

which declares the purposes for which the legislature can authorize the counties to levy taxes." The husband of the plaintiff in the case at bar was an employee of DeKalb County at the time he was killed. Under the ruling of this court in the *Scoggins* and *Parker* cases, supra, the insurance company could plead that since the employer of employee for whose accidental death a recovery was sought was not subject to the workmen's compensation law, such company could not be held liable. The act of 1933, supra, only created an estoppel on the part of the insurance company to plead as a defense that the employer is not subject to the workmen's compensation act. It did not purport to confer jurisdiction upon any other tribunal for the enforcement of rights given by the workmen's compensation act. Such jurisdiction inheres only in the Department of Industrial Relations. The accident in which the husband of the plaintiff in the instant case was killed occurred on September 15, 1931, before the passage of the act of 1933. However, even if, as contended by the plaintiff, this act is retrospective in its operation, so as to be applicable under the facts of this case (see *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (4) 176 S. E. 104), its only effect would be to enable the plaintiff to proceed against the insurer under the terms of the workmen's compensation act. The facts stated in the petition do not show cause for equitable relief, since under the terms of the contract whatever rights may have been conferred thereby on the employee or his dependents were enforceable only in a proceeding before the Department of Industrial Relations. Equity is not antagonistic to the law, but follows the law. Code, § 37-103. The court did not err in dismissing the action on demurrer, one ground of which asserted that the "petition shows on its face that this court is without jurisdiction of the subject-matter, and has no jurisdiction to enter a valid judgment in said case."

*Judgment affirmed. All the Justices concur.*