## 49866. PACIFIC EMPLOYERS INSURANCE COMPANY et al. v. KING.

DEEN, Presiding Judge.

1. In this workmen's compensation case the hearing director, on the employer's change of condition motion, found that permanent disability had ceased. There being evidence to support this finding, including the claimant's statement that she could do some light work, and medical testimony to the same effect, the judge of the superior court erred in setting aside the award denying further compensation. See in this connection *Roland v. Cotton States Mutual Ins. Co.,* 133 Ga. App. 442.

2. The employer's change of condition application was filed January 29, 1973. A hearing was held May 23 and an award entered dated August 7, 1973, which provides in part: "I find that the claimant on May 23, 1973, underwent a change in condition at which time she was at least able to perform light work, and that her refusal to accept the job offered by the employer . . . was

without justification. . . . The claimant is directed to repay to the employer and/or insurance carrier all compensation paid to her under the previous award of this board for weeks subsequent to May 23, 1973."

Can the board require a claimant to refund money to the employer under the present law? Code Ann. § 114-709 reads in part: "Such new award [finding a change of condition] shall be effective as of the time the change in condition actually occurred as found by the board, notwithstanding the retroactive effect of such award . . . [t]he compensation previously awarded or agreed upon shall continue until terminated or suspended by award or order of the board." In Ga. L. 1920, p. 191 through Ga. L. 1968, pp. 3, 7, the statute provided as above quoted for a retroactive award but that it "shall not affect any compensation actually paid to any employee." Ga. L. 1972, pp. 149, 150, deleted this language but added the proviso above quoted that compensation under a prior order "shall continue until terminated or suspended by award or order of the board." Under this last clause, the insurer continued paying this claimant under the previous order from May when the hearing was held until August when the award of termination was entered up.

We recognize an ambiguity in the statute. The legislature might have deleted the provision that an award retroactively entered not affect compensation paid because, as the insurer argues here, it intended for the employer-insurer to recover back such payments. On the other hand, as seems more reasonable to us, it might have deleted the clause because it felt that the addition of the words requiring continued payment of weekly benefits "until terminated or suspended" (which they cannot be until the order is *published,* regardless of whether the date of recovery is past, present, or future) conveyed the same import, and the language need not be in the Act twice. This appears to be the logical solution. Otherwise, it would be quite possible for the board to publish an award finding full disability, and, on a change of condition hearing two years after final payment (itself several years after the initial award) find that, a month or so after the first award, the claimant had recovered, and order it to pay back benefits of, say, $65 per week for any

number of weeks less than 400. Such a construction of the Act completely destroys its efficacy. The addition of the requirement that the insurer continue to make weekly payments at the rate of the previous award until the entry of a new award strongly suggests that payment continues under the res judicata property of the first award, and that the retroactivity feature refers to the jurisdiction of the board to find any date proved by the evidence regardless of whether this has the result of being retroactive in nature or not.

Furthermore, the State Board of Workmen's Compensation is a creature of statute and has only those powers especially delegated to it. In a case involving subrogation and recovery of excess medical payments based on insurance, where the board had, in 1971, ordered repayment of such sums (sums which did not come under the provision of Code Ann. § 114-709, supra, deleted by the Act of 1972) this court held the language to be surplusage only, and further based its reasoning on the nature of compensation jurisdiction. "The majority of seven are in full agreement that the board, being only administrative in nature, had no authority whatsoever to act as a court and attempt to require a claimant to refund any payments. Four of the judges here, including the writer of the majority, are of the opinion that this language was mere surplusage, beyond the authority of the board to act, and amounts to a mere nullity, requiring no reversal. It is quite clear that all the parties involved in this case sought to make this administrative board into a court to declare the rights of the parties (Ga. L. 1945, p. 137; 1959, pp. 236, 238) which can only be done in the superior courts of this state. . . Since the Workmen's Compensation Board is not a court and has no jurisdiction to declare the rights of the parties as a superior court, it can merely determine the amount of compensation and the time of payment and change the award it previously made." *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469, 475 (181 SE2d 530). The direction to the claimant in the award of August 7, 1973, to repay these sums was erroneous. It accordingly was error for the trial court to reverse that part of the award denying further compensation, but proper to reverse and remand for cor-

rection that part of the award requiring the claimant to repay certain sums received as compensation.

*Judgment affirmed in part; reversed in part. Stolz and Marshall, JJ., concur.*

Submitted November 7, 1974 — Decided December 4, 1974.

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellants.

*Wade H. Leonard,* for appellee.