HADDAD v JUSTICE

1. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—COURSE OF EM-
   PLOYMENT—GOING TO WORK—PREMISES OF EMPLOYER—PER-
   SONAL INJURY.

   Workmen's compensation is the exclusive remedy for an em-
   ployee's claim for personal injury damage arising out of an
   automobile accident which occurred while the employee was
   going to work and while he was on premises of his employer in
   a large industrial complex.

2. WORKMEN'S COMPENSATION—STATUTES—EXCLUSIVE REMEDY.

   The Workmen's Compensation Act is to be construed liberally,
   whether an employee is seeking benefits under the act or
   resisting application of the exclusive remedy provisions of the
   act to his cause of action.

3. WORKMEN'S COMPENSATION—LOSS OF CONSORTIUM—EXCLUSIVE
   REMEDY—STATUTES.

   A wife's claim in circuit court for loss of consortium is barred by
   the exclusive remedy provision of the Workmen's Compensa-
   tion Act (MCLA 418.131).

4. AUTOMOBILES—PROPERTY DAMAGE—WORKMEN'S COMPENSATION—
   EXCLUSIVE REMEDY.

   There is no provision in the Workmen's Compensation Act appli-
   cable to a claim for property damage arising out of an automo-
   bile accident; therefore, a circuit court improperly granted
   accelerated judgment for the defendant, in such an action, on
   the basis that workmen's compensation provided the injured
   employee an exclusive remedy.

Appeal from Wayne, Benjamin D. Burdick, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 221.
[2] 58 Am Jur, Workmen's Compensation § 27.
[3] 58 Am Jur, Workmen's Compensation § 58.
   Workmen's Compensation Act as precluding common-law action by
   husband or wife of the injured employee. 104 ALR 346.
[4] 58 Am Jur, Workmen's Compensation § 81 *et seq.*

Submitted June 17, 1975, at Detroit. (Docket No. 22639.) Decided August 28, 1975. Leave to appeal denied, 395 Mich 825.

Complaint by Farrid F. Haddad and Ratiba Haddad against Billie E. Justice for damages arising out of an automobile accident. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed in part, reversed in part.

*Nelson, Gracey, Turner & Turner,* for plaintiffs.

*Mitchell & Leon,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

QUINN, J. Plaintiffs' complaint sought recovery of damages for personal injuries and property damage arising out of a collision between defendant's automobile and the automobile of Farrid Haddad. By a separate count, Ratiba Haddad sought recovery of damages for loss of consortium. Defendant moved for accelerated judgment on the basis that plaintiffs' exclusive remedy was under the Workmen's Compensation Act. This motion was granted; the plaintiffs' motion for rehearing was denied, and accelerated judgment entered. Plaintiffs appeal on a single issue, namely:

*Is plaintiffs' exclusive remedy under MCLA 418.301; MSA 17.237(301)?*

The accident occurred April 17, 1972 at about 3:40 p.m. on the premises of Ford Motor Company where both Farrid Haddad and defendant were employed. Farrid Haddad was on his way to work for the 3:30 shift and defendant was on his way home after his shift had ended. The accident happened near the Ford engine plant where Farrid Haddad had driven his brother to work. Farrid

Haddad was returning to Specialty Foundry Rouge Plant where he worked. Both the foundry and engine plant are part of the large Rouge Plant Complex.

Plaintiffs claim that the Workmen's Compensation Act is not their exclusive remedy because the accident did not occur on the premises of Farrid Haddad's employer and the accident did not arise out of Farrid Haddad's employment because he was on a personal errand.

MCLA 418.301(2) reads:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

Whatever Farrid Haddad was doing prior to the accident, at the time thereof, he was "going to work", and we reject the personal errand argument.

Under a literal reading of "on the premises where his work is to be performed", the statute would not include Farrid Haddad. However, the statute is to be construed liberally, *Fischer v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971). In *Fischer,* plaintiff was injured on a public sidewalk abutting his employer's property and his workmen's compensation award was affirmed. In *Ladner v Vander Band,* 376 Mich 321; 136 NW2d 916 (1965), plaintiff was injured by a fellow employee in a plant parking lot across the street from the place of employment. The workmen's compensation remedy was held to be exclusive.

If on the facts of this case, Farrid Haddad was seeking workmen's compensation benefits and his

employer resisted the claim on the basis that Haddad was not on the premises where his work was to be performed, it is clear that Haddad would prevail. Liberal construction applies whether the employee is seeking benefits under the act or resisting application of the exclusive remedy provisions of the act to his cause of action. As to Farrid Haddad's claim for personal injury damages, the trial court correctly held that workmen's compensation is the exclusive remedy and we affirm on that claim.

Plaintiffs' complaint contained a claim for property damage and the wife's claim for loss of consortium. As to the wife's claim for loss of consortium, it is barred by MCLA 418.131; MSA 17.237(131). We find that there is no provision in the Workmen's Compensation Act applicable to plaintiffs' claim for property damage, and, as to it, accelerated judgment was improper.

Affirmed as to Farrid Haddad's claim for personal injury and Ratiba Haddad's claim for loss of consortium. Reversed and remanded as to the claim for property damage. Neither side has prevailed, so we award no costs.