### 32295. GENERAL MOTORS CORPORATION v. DOVER.

HILL, Justice.

The Court of Appeals has certified to us the following questions:

"Where, before any claim is filed with the Board of Workmen's Compensation, employer and employee enter into a reimbursement agreement as to payment of compensation during disability which agreement did not have the prior approval of the board, is the Board of Workmen's Compensation, under the ruling of *Sprayberry v. Commercial Union Ins. Co.,* 140 Ga. App. 758 (232 SE2d 111), now required to exercise its discretion under Code § 114-415 and subject to its approval authorize deductions from compensation awarded for disability for payments made by the employer-insurer under a sickness and accident benefit group disability contract during the period of disability of the employee? Or, should the board, under *City of Hapeville v. Preston,* 67 Ga. App. 350 (2) (20 SE2d 202), refuse to render any judgment as to the contract by and between the employer and employee?"

The answer to these questions involves analysis of the cited Code section and cases. Code § 114-415 provides as follows: "Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the State Board of Workmen's Compensation, be deducted from the amount to be paid as compensation: Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the

amount of the weekly payments."

As we read the Code section, any payments made by the employer to the injured employee during the period of his disability (or to his dependents) which were not due and payable by the terms of this title when made, may be deducted, subject to the approval of the board, from the amount to be paid as compensation. Unlike settlement agreements which require the prior approval of the board (Code §§ 114-106 and 114-705), under Code § 114-415 it is the deduction, not the contract or the payment, which requires the approval of the board.

We have reviewed the decision in *Sprayberry v. Commercial Union Ins. Co.,* supra, and find it to be a proper application of the Code section in question.

*Therefore, the answer to the first certified question is yes. The answer to the second certified question is no. All the Justices concur.*

ARGUED MAY 11, 1977 — DECIDED SEPTEMBER 8, 1977.

*King & Spalding, Byron Attridge, William A. Clineburg, Jr., P. Brantley Davis, Frazier F. Hilder,* for appellant.

*Mundy & Gammage, E. Lamar Gammage, Jr., John M. Strain,* for appellee.