## 55714. WILLIAMS v. RAY.

SHULMAN, Judge.

This case began as a wrongful death action brought under Code Ann § 105-1309 by the administrator of the estate of the deceased. The defendant, appellee herein, was the estranged husband of the deceased. This appeal is from the grant of a motion to dismiss based on the doctrine of interspousal immunity. After consideration of applicable authority, we reluctantly conclude that the judgment of dismissal must be affirmed.

1. This case is controlled by *Horton v. Brown,* 117 Ga. App. 47 (159 SE2d 489) and *Harrell v. Gardner,* 115 Ga. App. 171 (154 SE2d 265). In both those cases the plaintiffs were persons who were under no disability to sue by reason of their relationship with the defendant. This court ruled, however, that their suits were barred because of the marital relationship between the deceased and the defendant. Although the plaintiff here is the administrator of the deceased's estate rather than the children of the deceased (as in *Horton* and *Harrell*), the same rationale applied: "[S]ince a majority of the members of this court is of the opinion that the right [of action] . . . is derivative, it follows that no cause of action is set out by [the administrator], suing for the death of [the deceased] due to a . . .tort inflicted by her husband."

*Horton,* supra, p. 48. So long as *Horton* and *Harrell* are precedents, this appeal can result only in affirmance.

2. Appellant, recognizing the state of the law on this matter in Georgia, has directed his efforts toward convincing this court that our prior decisions are incorrect and should be overruled. However, a majority of this court, in these cases and the cases cited therein, have made the doctrine of interspousal immunity a part of the wrongful death statute.

"It is true that 'stare decisis' is a matter of judicial policy rather than judicial power. In this regard the common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions. However, even those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, 'the interpretation . . . has become an integral part of the statute.' Gulf C. & S. F. R. Co. v. Moser, 275 U. S. 133, 136 (48 SC 49, 72 LE 200); Winters v. New York, 333 U. S. 507, 514 (68 SC 665, 92 LE 840). This having been done, any subsequent 'reinterpretation' would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute." *Walker v. Walker,* 122 Ga. App. 545, 546 (178 SE2d 46).

The General Assembly has had many opportunities to eliminate this common law doctrine of immunity which was judicially engrafted onto a legislatively created right of action unknown at common law. We must assume that its failure to do so is a matter of considered choice.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 20, 1978.

*J. Wayne Parrish,* for appellant.

*Black & Black, Eugene C. Black, Jr., W. Emory Walters, Rickey F. Ellis, Jr.,* for appellee.