## 55483. SEABOARD FIRE & MARINE INSURANCE COMPANY v. SMITH.

BANKE, Judge.

The appellant, Seaboard Fire & Marine Insurance Company, sued the appellee, Roger M. Smith, to recover alleged overpayments of workmen's compensation benefits. The trial judge found that the appellant had

failed to state a claim upon which relief could be granted and entered judgment for the appellee.

The appellant applied to the workmen's compensation board for a change in condition hearing, alleging that the appellee had resumed (self) employment as a truck driver on January 10, 1975. The hearing was held on March 24, 1975, at which time the board, based on its finding that the appellee had undergone a change in condition on January 10, 1975, entered its interlocutory order that the appellant "suspend compensation payments previously agreed to or ordered by the Board pending issuance of the formal award, effective January 10, 1975." The board's final award was entered on April 30, 1975. The appellant then filed this suit in the superior court to recover the $637 in workmen's compensation benefits paid to the appellee between January 10 and March 24, 1975. The judge, sitting without a jury, found that the appellant had not stated a claim upon which relief could be granted and entered judgment for the appellee.

Included in the transcript, but not relevant to decision of the issue here on appeal, was evidence that the appellant had wrongfully discontinued payments to the appellee between November 20, 1974, and February 6, 1975. Upon request by appellee's attorney it resumed the payments as of February 6. Because of this violation, the board assessed a $100 penalty against the appellant in its April 30th award, which fine was paid. The appellee testified at trial that the appellant had paid him in one lump sum the benefits due him between November 20, 1974, and February 6, 1975.

*Pacific Employers Ins. Co. v. King,* 133 Ga. App. 458 (2) (211 SE2d 396)(1974), is cited as controlling resolution of this case. In that case the court ruled that the board lacks authority to direct an employee to repay his former employer and/or insurer upon finding a retroactive change in condition. The decision was primarily based on the court's earlier ruling in *Fireman's Fund Ins. Co. v. Crowder,* 125 Ga. App. 469 (181 SE2d 530) (1971), that the board, as an administrative agency, has no jurisdiction to adjudicate the rights and liabilities of the parties involved and can merely determine the amount of compensation

and the time of payment and change the award it previously made. See *Fireman's Fund Ins. Co. v. Crowder,* at pp. 475, 476.

The ancillary premise of the *Pacific Employers* decision, supra, was our interpretation of Code Ann. § 114-709. The court suggested that the provision in the statute that compensation continue at the rate specified in the previous award until the new award was entered affirmed the res judicata effect of the first award. The court then said that the earlier provision that the "new award shall be effective as of the time the change in condition actually occurred as found by the board, notwithstanding the retroactive effect of such award" referred to the board's jurisdiction to make an evidentially correct finding of fact.

There was considerable confusion at trial as to the effect on *Pacific Employers* of a 1973 amendment to the statute. We have reviewed the various legislative changes and have determined that the decision was, in fact, decided on the basis of the statute as amended in 1973. The decision, on page 459, should have read: "Ga. L. 1972, pp. 149, 150, deleted this language but *Ga. L. 1973, pp. 232, 244* added the proviso above quoted that compensation under a prior order 'shall continue until terminated or suspended by award or order of the board.'"

In tracing the statute through its various amendments, the court has also discovered an error in its construction of section 114-709 in *Pacific Employers Ins. Co. v. King,* supra, in that we considered out of context the provision directing compensation to be continued at the prior rate. In reality, the 1973 amendment added to the statute a complex procedure to be followed whenever an employee refuses to enter into an agreement with his employer or the insurer based on the employee's return or ability to return to work. If upon notification by the board, the employee agrees or fails to respond to the employer's contentions, the board is authorized to issue a new award reducing or terminating compensation. The employee then has 30 days to have the award set aside and a hearing scheduled, but in the intervening time before the board's decision is announced, compensation continues at the

reduced rate set forth in the new award.

If the employee disputes the employer's contentions from the outset, a hearing is scheduled but the employee in this situation is permitted to receive compensation at the rate specified in the previous award, pending announcement of the new award. It now seems clear that the purpose of this last provision was to protect an objecting employee in the event the employer's contentions were proved unfounded at the hearing, and that no legislative intent regarding the disposition of excess funds paid to the employee under this provision can be drawn. Furthermore, the court finds that it is not barred by *Williams v. Ray,* 146 Ga. App. 333 (1978), from entering a corrected interpretation of Code Ann. § 114-709 at this time. This is because the import of our decision on the merits in *Pacific Employers Ins. Co. v. King,* supra, was obfuscated by our error in identifying the amended status of the statute and because the gravamen of our decision there was the board's lack of jurisdiction rather than our construction of the statute. Accordingly, *Pacific Employers Ins. Co. v. King,* supra, will no longer be followed insofar as it conflicts with this decision.

Disregarding inaccuracies in the *Pacific Employers* decision, the appellant contends that its suit to recover overpayment is not barred by our ruling in *Pacific Employers,* since it has simply asked the superior court, which does have jurisdiction to declare the rights and liabilities between the parties, to implement the board's prior evidentiary ruling. See *Pacific Employers Ins. Co. v. King,* supra, at 460. The appellant also argues that the ruling of the trial court has a windfall effect with regard to the employee as it permits him to retain benefits to which he was not entitled. See generally Code Ann. § 114-415; *General Motors Corp. v. Dover,* 239 Ga. 611 (238 SE2d 403) (1977) (board has discretion to credit employer-insurer's gratuitous payments to employee to compensation benefits employee later adjudged entitled to receive).

We hold that by virtue of its jurisdiction, the superior court is authorized to enter judgment for the appellant on its claim. We emphasize that the superior court is not usurping the function of the board by making an

independent determination as to when the change in condition occurred, but rather is giving effect to the board's finding. We rely on the Supreme Court's recent decision in *Woods v. Delta Airlines, Inc.,* 237 Ga. 332 (227 SE2d 376) (1976), and its express approval in that case of this court's decision in *Hayes v. Layton,* 125 Ga. App. 433 (188 SE2d 149) (1972).

The *Woods* decision at page 332 established that "the doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workmen's Compensation on all questions of fact in matters in which it has jurisdiction. [Cits.]" Under Code Ann. § 114-709 and our prior decisions, it is uncontroverted that the board has jurisdiction to determine when a change in condition has occurred. The factual determination that the appellee had undergone a change in condition on January 10, 1975, was essential to the March 24th order (and the subsequently entered final award) of the workmen's compensation board terminating appellee's benefit eligibility. Here that finding is essential to the appellant's right to recover in the superior court its overpayment of benefits to the appellee. See *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646) (1967) (discussing collateral estoppel).

For this reason, we find that the appellee is collaterally estopped by the board's ruling to deny that he was not entitled to the monies he received between January 10 and March 24, 1975, and that the appellant is entitled to rely on that determination in obtaining a money judgment. See *Hayes v. Layton,* supra.

We acknowledge that in the *Hayes* case the ruling of the board was appealed and affirmed by both the superior court and the Court of Appeals whereas the appellee in this case did not appeal the board's award terminating his right to compensation. At trial, his attorney acknowledged that "we didn't appeal it so the award stands on its face." An award of the board not appealed to the superior court is "a final award and shall be conclusive and binding as to all questions of fact." Code Ann. § 114-710. The court, therefore, finds the ruling in *Hayes v. Layton,* supra, to be fully applicable in this situation.

The court also expresses its concern that today's

decision may result in hardship for those claimants affected, even though claimants should know that their eligibility to receive compensation terminates upon the resumption of (or ability to resume) comparable employment. Nevertheless, this court must be both fair and objective in its interpretations of the law. We, therefore, remand this case to the superior court with direction to enter a judgment consistent with this opinion.

*Judgment reversed and remanded with direction.
Bell, C. J., Webb, McMurray and Smith, JJ., concur. Deen, P. J., Quillian, P. J., Shulman and Birdsong, JJ., dissent.*

ARGUED MARCH 1, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, James B. Gilbert, Jr.,* for appellant.
*Rudolph J. Chambless,* for appellee.

DEEN, Presiding Judge, dissenting.

The majority opinion indicates that (a) where an award of the board on a change of condition hearing adjudicates that the claimant's disability ceases some time previously, this is a retroactive award, but (b) the board cannot compel the claimant to refund any excess received between the date disability ceased and the date of the award, but also (c) although the board may not compel such a refund, the superior court may do so on an action filed there seeking a refund on the theory of money had and received.

Findings (a) and (b) are established by the statutes and cases cited. My concern is whether the superior court can compel payment or repayment of compensation money if the board of workmen's compensation cannot do so. I do not believe it can. If there is any right in any judicial or quasi judicial entity apart from the board to determine the amount and payment (or refund) of compensation, it must arise either from the Workmen's Compensation Act itself or from some general statutory or common law origin. But the field of rights and remedies accruing to an employee as a result of an

employment-related accident has been preempted by the Workmen's Compensation Act and its jurisdiction is exclusive. "It is likewise well settled that the compensation act covers the entire subject-matter of a claim for injuries by an employee against his employer, and that the remedy given by the act is in lieu of any remedy formerly afforded by an action at common law." *Patterson v. Curtis Pub. Co.*, 58 Ga. App. 211 (198 SE 102) (1938). "If the petition showed any right against the defendant in favor of the plaintiff [in the superior court], the only remedy for the enforcement of such right, under the terms of the contract, was a proceeding before the Department of Industrial Relations." *Grice v. U. S. Fidelity &c. Co.*, 187 Ga. 259 (200 SE 700) (1938).

This leaves only the question of whether the Workmen's Compensation Act itself makes certain exceptions as to which jurisdiction may properly be retained by the superior court. I cannot find any relating to jurisdiction to determine and require return of overpayments. Indeed, it appears to me that jurisdiction is expressly retained in the board by reason of the provisions of Code § 114-709 which read in part: "If an employee's response evidences disagreement with the contentions of the employer or insurer [to the employer's change of condition application] the board shall notify the parties of the disagreement and schedule the matter for hearing as provided by law and the compensation *previously awarded* or agreed upon *shall continue until terminated* or suspended *by award or order of the board.*" (Emphasis supplied.)

The board has obviously construed this language as a directive to it to decide whether possibly retroactive payments should be continued or not. Rule 17 of the rules and regulations of the board of workmen's compensation provides that an employer wishing to terminate payments shall file an application for hearing, and under Rule 17 (f), immediately *after* the hearing thereon "upon a request for change in condition filed by the employer, the Director or Deputy Director hearing the matter shall issue an interlocutory order either continuing or suspending the payment of compensation pending the issuance of a formal award."

A reading of the award in this case indicates that while the administrative law judge allowed cessation of payment as of the date of hearing (although the award was issued some weeks later) he also found that the employer was in violation of the rules of the board for having ceased payment of compensation prior to the hearing without permission of the board, and levied a penalty of $100 for rule violation, which he had the authority to do, a Form 16 agreement approved by the board being in effect at the time. It might be stated that this is a procedure which has been in effect for a long time. It is true that occasional short-term injustice to an employer may result. It appears to have been the legislative thought that greater injustice might result if employers and insurers were allowed to cease payment at their own whim and prior to adjudication. I think also it was definitely the legislative intent to turn the whole subject of workmen's compensation claims over to the board, and this means that the superior courts have no jurisdiction, under whatever guise, to decide when or to what extent overpayments or underpayments have been made to the employee.

Neither *Hayes v. Lawton,* 125 Ga. App. 433 (188 SE2d 149) (1972) nor *Woods v. Delta Air Lines, Inc.,* 237 Ga. 332 (227 SE2d 376) (1976), cited in the majority opinion, does more than reiterate that an award of the workmen's compensation board unappealed from or affirmed on appeal is res judicata. They do not deal with the legal concept that money paid from an employer to an employee is to be determined by an award of the board, and that when the award is final, so that it cannot be changed retroactively by the board, neither can it be changed retroactively by the superior court.

As pointed out in the motion for rehearing, Code § 114-709 has been changed since the facts dealt with here and now gives the board authority to order repayment of benefits where overpayment is adjudicated to have been made. This, to me, is an additional reason for the argument urged in the dissent; only the board, under statutory authority, has the prerogative to make such an adjudication. The superior courts did not and do not have such original jurisdiction.

I would affirm the judgment of the superior court.

I am authorized to state that Presiding Judge Quillian and Judges Shulman and Birdsong join in this dissent.

QUILLIAN, Presiding Judge, dissenting.

Code Ann. § 114-709 (Ga. L. 1920, p. 191; 1931, pp. 7, 43; 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244) provides that change in condition awards of the board may be retroactive *"except as hereinafter provided."* In the same paragraph the statute provides "If an employee's response evidences disagreement with the contentions of the employer or insurer, the board shall notify the parties of the disagreement and schedule the matter for hearing as provided by law and *the compensation previously awarded or agreed upon shall continue until terminated or suspended by award or order of the board."*

In my opinion, this language clearly provides that the claimant is entitled to compensation until suspended by the board. The Act provides that the award may be retroactive "except as hereinafter provided." I feel that the above quoted portion of the statute which relates to when compensation shall be terminated where the employee has filed a response to the employer's application for a change in condition was not intended to come within the retroactive provisions of the Act.

I am authorized to state that Presiding Judge Deen and Judges Shulman and Birdsong join in this dissent.

SHULMAN, Judge, dissenting.

In *Pacific Employers Ins. Co. v. King,* 133 Ga. App. 458 (211 SE2d 396), this court considered a controlling issue involved in this case. There, the court held that the provision in Code Ann. § 114-709 that compensation under a prior order "shall continue until terminated or suspended by award or order of the board" *conveyed the same import* as a deleted former provision that a retroactive award " 'shall not affect any compensation actually paid to any employee.' " Id., p. 459. The court expressly rejected the contention that the legislature intended for the employer-insurer to recover the amount

of overpayment attributable to a retroactive finding of a change in condition. This holding in *Pacific* is authoritative precedent; it cannot be disregarded merely because this case was also decided on an alternative basis sufficient to determine the ultimate issue. See, e.g., *Vann v. American Credit Co.,* 115 Ga. App. 559 (2) (155 SE2d 459).

Perhaps, as the majority has done, our statutory construction in *Pacific,* should be reexamined. But such reevaluation ought not be done by this court. *Pacific* has been the law of the state since 1974, and appellee is entitled to rely on it; any reinterpretation addresses itself to the legislature. See *Williams v. Ray,* 146 Ga. App. 333. See also *Mitchell v. State,* 239 Ga. 3 (2) (235 SE2d 509).

I am authorized to state that Presiding Judges Deen and Quillian and Judge Birdsong join in this dissent.

ON MOTION FOR REHEARING.

On motion for rehearing, counsel for the appellee has directed the court's attention to Ga. L. 1978, pp. 2220, 2233-2234. This law amends Code Ann. § 114-709 by striking the previous provision in its entirety and inserting in lieu thereof a new provision. New Code Ann. § 114-709 (d) (2) gives the administrative law judge or the board discretion to "order the employee or beneficiary to repay to the employer or insurer the sum of the overpayments." This amendment does not apply to this case.