58014. CINCINNATI INSURANCE COMPANY et al. v. MINISH.

ARGUED MAY 30, 1979 — DECIDED JUNE 19, 1979.

Savell, Williams, Cox & Angel, Cullen Hammond, John M. Williams, for appellants.

Horne & Harris, Foy S. Horne, Jr., for appellee.

DEEN, Chief Judge.

1. The superior court erred in grounding the reversal upon *Pacific Emp. Ins. Co. v. King,* 133 Ga. App. 458 (211 SE2d 396) (1974), a case overruled in *Seaboard Fire &c. Ins. Co. v. Smith,* 146 Ga. App. 893, 896 (247 SE2d 607) (1978). Both these cases dealt with a construction of Code § 114-709 as amended in 1972 and 1973, and the same situation applies to the facts of this case. At the time of these accidents a provision for retroactive determinations of disability had been added to the Code section. The *King* case held that the employer could not force the claimant to repay compensation paid between the date of the change of condition award and the prior date on which a change of condition was retroactively found to have occurred. This holding was overruled in *Smith,* a majority of the court holding that overpayments retroactively established could be recovered in a direct suit by the employer against the claimant in the superior court. To reach this conclusion it was necessary to overrule *King* because unless an award could be effective retroactively there could be no recovery of overage. *Smith* further held that although there had been no appeal from the original award in the case this did not constitute such a res judicata situation as to prevent the direct action for recovery of the overpayment.

If, as the statute held, a "new award shall be effective as of the time the change in condition actually occurred as found by the board, notwithstanding the retroactive effect of such award," and if, as *Smith* held, the employer was entitled to recover the overpayment made prior to the new award and dating from the cessation of disability as finally determined, then it follows that amounts paid on total disability in the present case after the date on which disability ceased represent overpayments for which the employer is entitled to credit.

2. In the present case, the board was well within its jurisdiction in following the procedure outlined in Code § 114-415: "Any payments made by the employer. . . which by the terms of this Title were not due and payable when made, may, subject to the approval of the [board] be deducted from the amount to be paid as compensation." Since the award adjudicated that total disability ceased on September 30, 1976, the lump sum paid thereafter was recoverable as retroactively adjudicated not due and payable when made, and the proper method of adjusting the balances was by deducting the overage from amounts subsequently due for the specific member disability.

It should be noted that Code § 114-709 as quoted herein has been superseded by Ga. L. 1978, pp. 2220, 2233.

*Judgment reversed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*