73728. SUPERB CARPET MILLS, INC. v. THOMASON et al.
(359 SE2d 370)

POPE, Judge.

On the date of the occurrence which forms the basis for their complaint, plaintiffs were employees of defendant Superb Carpet Mills, Inc. While plaintiff Thomason was replacing the seal on a 120,000-gallon latex tank, it suddenly exploded, allegedly causing injuries to Thomason and plaintiff Edmondson, who was working nearby. It is undisputed that the incident arose out of and in the course of plaintiffs' employment with defendant. Accordingly, plaintiffs received benefits for their personal injuries pursuant to the Workers' Compensation Act, OCGA § 34-9-1 et seq.

Plaintiffs brought this action to recover property damage to their clothing. In addition to compensatory damages, plaintiffs also made a claim for additional damages for aggravating circumstances pursuant to OCGA § 51-12-5. Plaintiffs claim defendant, by and through its supervisors, knew that safety devices on the tank had been altered, thereby rendering it unsafe. Plaintiffs claim defendant's actions amounted to wilful and reckless disregard for their safety. Defendant appeals from the trial court's denial of its motion for summary judgment on the ground plaintiffs' complaint is barred by the exclusive remedy provision of the Workers' Compensation Act.

This appeal presents the novel question of whether an employee's claim for property damage is barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. Clearly, the Act provides the exclusive remedy as to those "rights and . . . remedies granted to an employee by this chapter. . . ." Id. "OCGA § 34-9-11 . . . has been interpreted consistently to mean that, 'where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer.' *Freeman v. Ryder Truck Lines, Inc.,* 244 Ga. 80, 82 (259 SE2d 36) (1979) (citing cases). Conversely, although 'the remedy provided by this statute is exclusive

within the field of its operation . . . it does not exclude redress in cases to which it is not applicable.' *Covington v. Berkeley Granite Corp.*, 182 Ga. 235, 237 (184 SE 871) (1935). In *Covington*, the court went on 'to say, the right "to bring an ordinary action for damages" is not excluded by this statute as to injuries which do not fall within its terms.' (182 Ga. at 238)." *Bright v. Nimmo*, 253 Ga. 378, 379-380 (320 SE2d 365) (1984).

The history of workers' compensation legislation indicates the original purpose of these laws was to create a statutory remedy for personal injury. See 1 Larson, Workmen's Compensation Law, §§ 2 through 5 (1985). According to the Georgia Act, the definition of "injury" is identical and synonymous with "personal injury," both terms meaning "only injury by accident arising out of and in the course of the employment. . . ." OCGA § 34-9-1 (4). The benefits conferred by the Act relate to damages for personal injury and not property damage.[1] In those cases in which claims not based upon a physical injury were held to be barred by the Act, the Act provided a specific remedy for the damages sought. See, e.g., *Bright v. Nimmo*, supra (action for intentional delay in payment of benefits is barred by the provision granting a penalty for delay, OCGA § 34-9-221 (e)); *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (2) (320 SE2d 368) (1984) (action for breach of a settlement agreement is barred by the provision granting a penalty for the insurer's controverting medical payments without reasonable grounds, OCGA § 34-9-108 (b) (1)); *Patterson v. Curtis Pub. Co.*, 58 Ga. App. 211 (198 SE 102) (1938) (action for attorney fees for bad faith and stubborn litigiousness in defending the claim is barred by the provision granting a penalty for the employer's defense of a claim without reasonable grounds. OCGA § 34-9-108 (b) (1) (formerly Code Ann. § 114-712)). "[R]ights of action for damages should not be deemed taken away except when something of value has been put in their place." 2A Larson, Workmen's Compensation Law, § 65.40 at 12-26 (1986). Because the Georgia Workers' Compensation Act does not provide a remedy for damage to personal property, we find the Act does not bar an action for damages to personal property. Accord *Haddad v. Justice*, 64 Mich. App. 74 (235 NW2d 159) (1975). To hold otherwise would deny an employee of this constitutional right to due process and equal protection of the law.

However, we disagree with the trial court's ruling that the Act does not bar plaintiffs' claims for aggravated damages. Additional damages for aggravated circumstances pursuant to OCGA § 51-12-5 are allowed only to deter the wrongdoer from repeating the trespass

---

[1] The Act does provide for replacement of prosthetic devices damaged or destroyed in a compensable accident. OCGA § 34-9-200 (a).

or to compensate for the wounded feelings of the plaintiff. Although barred from recovering any further compensation for personal injury by the Workers' Compensation Act, plaintiffs maintain they may pursue additional damages for the alleged reckless and wanton acts of defendant in conjunction with their claim for property damage. However, aggravated damages are not predicated upon plaintiffs' injuries but upon the "aggravated nature of the defendant's conduct." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (216 SE2d 776) (1975). In this case, the alleged property damage and personal injuries arose out of the same conduct or incident. It is well settled that the Georgia Workers' Compensation Act precludes recovery of additional damages for wilful or intentional acts of the employer so long as the injury arises out of and in the course of employment. See *Southern Wire &c. v. Fowler*, 217 Ga. 727 (124 SE2d 738) (1962); *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607 (271 SE2d 739) (1980). "In some jurisdictions, exceptions to this general rule are expressly provided by statute. . . . The Georgia Workers' Compensation Act makes no statutory exception to the exclusive remedy provision." *Pappas v. Hill-Staton Engineers, Inc.*, 183 Ga. App. 258, 260 (358 SE2d 625) (1987).

We hold that the Workers' Compensation Act does not bar an employee from bringing a claim for property damage against his employer. However, the employee may not recover additional damages for aggravated circumstances where the property damage arose out of the same incident in which the employee sustained personal injury compensable under the Workers' Compensation Act.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

### ON MOTION FOR REHEARING.

Plaintiffs maintain this court's decision was not timely rendered and therefore the decision of the lower court must be affirmed by operation of law. "The Supreme Court and Court of Appeals shall dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term." Ga. Const. Art. VI, Sec. IX, Par. II. The relevant date is not the date the appeal was filed with the court but the date the case was docketed for hearing. Although this appeal was filed in the September 1986 term of court, it was docketed for hearing during the January 1987 term. Therefore, the disposition of the appeal during the April term complies with the "two-term rule" of the Georgia Constitution.

*Motion for rehearing denied.*

DECIDED JUNE 18, 1987 —
REHEARING DENIED JULY 7, 1987 — 

James T. McDonald, Jr., Mark J. Goodman, for appellant.
Christopher A. Townley, John P. Neal III, James A. Secord, Amy E. Abernathy, for appellees.