29628. RUSHING *v.* JONES, administratrix.

DECIDED NOVEMBER 12, 1942.

*George M. Johnston, Aiken & Preston,* for plaintiff in error.
*Deal & Renfroe, Hinton Booth,* contra.

SUTTON, J. 1. In the present case, where the plaintiff administratrix sought to recover from the defendant on a quantum meruit basis for legal services rendered by her intestate, her deceased husband, and where the suit was defended on the ground that all of the services rendered were in pursuance of an express oral contract with the intestate, whereby he was to render all necessary legal services in probating a will of the defendant's deceased husband and in winding up his estate, the jury was authorized to find from the evidence, though conflicting, that the legal services for which recovery was sought were performed at the request of the defendant without any agreement as to the amount of compensation to be paid to the plaintiff's intestate, an attorney; that the reasonable value of such services was not less than $1000, and that the plaintiff was entitled to recover this amount, less the sum of $365 shown to have been paid on account to the plaintiff's intestate before his death, and to render the verdict for $635 in favor of the plaintiff.

2. The court charged the jury: "If you find that the contract between Mr. Jones [the plaintiff's intestate] and Mrs. Zada Rushing [the defendant] was for the sum of $400, and that contract contemplated all of the services Mr. Jones was to render, and did render, then you will find a verdict in favor of Mrs. Rushing, provided you find that Mr. Jones did not perform services beyond the value of $365." Error is assigned on the ground that it was confusing and misleading to the jury and erroneous, for the reason that it injected the necessity of the jury finding that the legal services rendered by the plaintiff's intestate were of the value of $365 or less, thereby prejudicing the defendant's right to have her contract considered alone and without the proviso. While the proviso in the quoted excerpt was inapt, we do not think, from an examination of the entire charge and the verdict, that the jury were misled or confused or the defendant harmed, because it is reasonably inferable from the amount of the verdict, even if the jury found that there had been an express contract, that they nevertheless believed that the plaintiff's intestate had rendered legal services which were not contemplated thereunder, or they found that there had been no express contract, that the services rendered were worth $1000, and that in rendering their verdict for $635 they deducted from the $1000 valuation the sum of $365 which had been paid the intestate before his death.

3. The court charged the jury: "If you find from the testimony that Mr. Jones and Mrs. Rushing originally agreed upon $400 for services then contemplated, but the services then contemplated were not all the services Mr. Jones actually rendered, then you will determine what the value of these additional services were which were not contemplated at the time the contract was entered into, and you would be authorized to determine what these services were worth, and render a verdict in favor of the plaintiff for those services." Error is assigned on the ground that the charge was confusing and misleading to the jury, and prejudicial, in that it injected an element which was not authorized by the contentions or evidence of either party; it being urged that such instructions permitted the jury to find that an express contract was entered into, and to allow the plaintiff to recover a balance as due on an express contract and also an additional amount on a quantum meruit basis for services rendered in excess of the contract

302

valuation of $400. This ground is without merit. The jury could find that, though an express contract had been entered into for certain services, the actual services rendered by the plaintiff's intestate were in excess of those contemplated by the express contract, and accordingly the action on a quantum meruit basis would be maintainable for recovery to the extent of the services rendered in addition to, and exclusive of, those contemplated by the express contract. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity" (Code, § 110-105), and the verdict here rendered is susceptible of the construction that the jury found that, even though an express contract had been entered into for certain legal services for a compensation of $400, the plaintiff's intestate had in fact rendered additional services for which no definite compensation had been fixed, and that on a quantum meruit basis such extra services were reasonably worth $635, and so construed the verdict will be upheld.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*