### 38377. CONWAY v. HOUSING AUTHORITY OF THE CITY OF ATLANTA *et al.*

DECIDED SEPTEMBER 8, 1960.

*Matthews & McClelland, J. Ralph McClelland, Jr.,* for plaintiff in error.

*Spalding, Sibley, Troutman, Meadow & Smith, Harry C. Howard, M. H. Blackshear, Jr., Nall, Miller, Cadenhead & Dennis, Robert E. Hicks,* contra.

FRANKUM, Judge. 1. The sole question to be determined is whether or not the plaintiff's petition is subject to a general demurrer. Much of the strenuous and learned argument by counsel for the housing authority should be properly addressed to the demurrers raising the questions of duplicity, misjoinder, and multifariousness. These demurrers were not passed on by the trial court. Consequently, if the petition sets forth a right of recovery in any amount against the defendant, the housing authority, the general demurrer should have been overruled.

The plaintiff at least alleges a cause of action to an amount for the "extra work." Strictly construing the petition, it alleges that certain work was necessary for the proper performance of the original contract which was not provided for in the original plans and specifications, and that this defendant (as well as the general contractor) not only authorized the additional work directly by named officers and agents, but knowingly received the benefits thereof. An implied promise to pay the reasonable value of this work is raised by operation of law. *Code* § 3-107. *Bailey v. Martin,* 101 Ga. App. 63 (112 S. E. 2d 807); *Mitcham v. Singleton,* 50 Ga. App. 457 (178 S. E. 465); *Douglas v. Steph-*

*ens,* 27 Ga. App. 485 (108 S. E. 833); *Neal & Son v. Stanley,* 17 Ga. App. 502 (87 S. E. 718); *Atlantic Coast Line R. Co. v. Blalock,* 8 Ga. App. 44 (68 S. E. 743). A subcontractor may recover from the owner for additional work expressly authorized by such owner, though the subcontractor was hired by a general contractor. *Highsmith v. National Linen Service Corp.,* 63 Ga. App. 112 (10 S. E. 2d 237).

Counsel for the housing authority insists that an invoice or a letter of demand attached to the petition as an exhibit, which is addressed to the general contractor, should be construed as conclusively showing that the contract for the extra work was between these parties and not this defendant. We do not agree. The petition alleges that both defendants agreed to be jointly and severally bound to pay for the additional work. See *Highsmith v. National Linen Service Corp.,* 63 Ga. App. 112, supra.

Under the above authorities the trial court erred in sustaining this defendant's general demurrer.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*