### 46692. CITY OF MACON v. BLYTHE BROTHERS COMPANY.

HALL, Presiding Judge. In a quantum meruit action for the reasonable value of labor and materials furnished in correcting and restoring a washed out sewer line, defendant city appeals from the judgment and from the denial of its motions for new trial and judgment n.o.v.

The undisputed facts show that plaintiff constructed a sewer line under a contract with the city; that the city supplied the plans and specifications and had consulting engineers on the site; that because of subsequent conflicting plans for a bridge, these engineers directed a change in the location of the line at one spot, which required additional clearing of foliage near an adjacent creek; that these engineers knew of and procured city approval for sand dredging in the creek; that when the work was completed, the engineers inspected and certified its satisfactory completion (including the condition of the site) and the city accepted this portion of the line for sewerage; that some two or three months later, after a period of heavy rain, the area around the cleared spot of the creek was extensively flooded and several sections of sewer pipe were washed out; that plaintiff agreed to do restorative and corrective work, with both parties reserv-

ing for further negotiation whether the work came within the original contract warranty or was to be compensated for on a quantum meruit basis; that the corrective work was completed satisfactorily; and that plaintiff was never paid additional money for this work. Left in dispute was the cause of the flooding.

1. Several of defendant's enumerations of error bear upon its contention that the evidence demands a finding that plaintiff's negligence caused the flooding and washout, and therefore under the contract and under law it is not entitled to any additional compensation. We cannot agree with the initial premise of the contention. There is evidence which would support several different theories of what caused this flood, including defendant's own negligence. The issue was properly submitted to the jury.

If, as the jury obviously found, the plaintiff was not negligent in originally constructing the sewer line, then the corrective work would not fall within the original contract and plaintiff would be entitled to compensation for the reasonable value of the work. *Code* § 3-107; *Rushing v. Jones,* 68 Ga. App. 300 (22 SE2d 675); *Conway v. Housing Authority of Atlanta,* 102 Ga. App. 333 (116 SE2d 331); *Gardner v. Tarpley,* 120 Ga. App. 192 (169 SE2d 690).

2. For the same reasons, the court did not err in charging the principle of law contained in *Code* § 3-107 or in charging that the jury could determine the value of labor and material involved in the corrective work if it found it was expended in addition to that contemplated under the contract. *Rushing v. Jones,* supra.

3. Defendant contends the court erred in admitting a resolution of the city council because it tends to show compromise and settlement. The document shows exactly the opposite. While it authorizes the final payment under the contract, it specifically states that the plaintiff's right to compensation for corrective work has not been determined; that the city admits no liability for it; and that no provision of the contract has been waived except that

pertaining to the effect of the final payment as to the plaintiff's claim (which is reserved).

*Judgment affirmed. Eberhardt and Clark, JJ., concur.*
ARGUED NOVEMBER 3, 1971— DECIDED JANUARY 6, 1972—
REHEARING DENIED FEBRUARY 10, 1972—

*Lawton Miller, Jr.,* for appellant.
*Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellee.