## 58360. PURITAN MILLS, INC. v. PICKERING CONSTRUCTION COMPANY, INC.

CARLEY, Judge.

Pickering entered into a contract to construct loading docks for Puritan pursuant to plans designed by Robert & Company. After completion Pickering sued Puritan for sums due under several change orders. A non-jury trial was held and it was stipulated that Pickering was owed some $8,141.78 and that the only issue before the court was Pickering's right to recover $3,216.17 in quantum meruit on Change Order No. 1 for the reasonable value of removal of rock. Puritan appeals from the judgment rendered in Pickering's favor.

1. Enumerations of error 1 through 6 address the issue of the insufficiency of the evidence to support the judgment. Puritan argues that Pickering sued on an express contract and, therefore, could not recover on quantum meruit; that since removal of the rock was not an exclusion to the excavation required by the contract it was necessarily included in the express contract; that there was no evidence of a knowing acceptance of the rock excavation work by Puritan under circumstances showing that it knew the work was not within the scope of work required by the contract; and that evidence to the contrary as to local custom was improperly admitted. We do not agree.

Pickering produced evidence at trial that at the time the architectural design was made and the construction contract put out for bids, no consideration was given to removal of rock and Pickering did not contemplate the removal of rock in its bid. The contract between the parties clearly sets forth the work to be performed and none of the five items describing the work or the drawings reflects the removal of rock as a part of the contract. Each item shows the value of the work to be performed. At the time of execution of the contract the rock was under a concrete slab and not discoverable by any inspection by the architect or Pickering. When rock was discovered after removal of the concrete, Pickering immediately notified Robert & Company, as Puritan's representative, of that fact. Moffit, the project manager and Robert's

employee, told Pickering that it was important to get together with Zaglin, Puritan's president, "and [that] they have an understanding on the rock problem. Also, it was important, if there was to be additional costs, that an estimate be gotten together . . ." However, no agreement between the parties was ever negotiated or reached. When the rock was removed Zaglin observed the removal and loaned Puritan's lift trucks and "did everything we could to help them." The removal of the rock was necessary for Pickering to perform its work under the terms of the contract, and there is no indication in the record that Puritan or Robert & Company ever notified Pickering not to remove the rock.

"Ordinarily, when one renders services . . . valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof . . . " Code § 3-107. Even if there is an express contract, if services not contemplated by the original agreement become necessary to achieve the contractual objective and are rendered and accepted, the law implies and enforces performance of a promise to pay for such extra services. See generally *Gardner v. Tarpley,* 120 Ga. App. 192 (169 SE2d 690) (1969); *Conway v. Housing Authority of Atlanta,* 102 Ga. App. 333 (116 SE2d 331) (1960); *Rushing v. Jones,* 68 Ga. App. 300 (22 SE2d 675) (1942). There is no question that Pickering rendered services to Puritan because the contract work could not have been accomplished without removal of the rock. In view of the conduct of its president, Puritan's position that there was no evidence that it knowingly accepted the services is untenable. Therefore, *Lawson v. O'Kelley,* 81 Ga. App. 883 (2) (60 SE2d 380) (1950) and *Mayor &c. of Brunswick v. Sims,* 14 Ga. App. 315 (80 SE 730) (1914), relied upon by Puritan, are inapplicable since recovery in those cases was based upon work performed without the knowledge, authority, consent or ratification of the defendants.

2. Enumeration 7 alleges error in the court's permitting testimony over objection as to local custom or usage of trade. Evidence of known and established usage is admissible to aid in the construction of contracts as well as to annex incidents. Code § 38-506; see also Code Ann. § 20-704 (3). "The general rule is that valid usages

concerning the subject matter of the contract of which the parties are chargeable with knowledge are by implication incorporated therein, if the contract is subject to the interpretation urged and if nothing within it excludes such interpretation as having been within the intention of the parties. [Cit.] " *General Forms, Inc. v. Continental Cas. Co.,* 123 Ga. App. 52, 55 (1) (179 SE2d 522) (1970). Accord, *Biltmore Const. Co. v. Tri-State Elec. Contractors,* 137 Ga. App. 504, 508 (3) (224 SE2d 487) (1976).

It was stipulated that the witness, Moffit of Robert & Company, was an architect and an expert. Robert was Puritan's representative; it designed the job, prepared the plans and contract and put out the bid. Moffit testified that he was familiar with the general customs in Atlanta of construction and architectural practices, and that according to local building customs removal of rock was extra work if not contemplated by the contract. This evidence was admissible and clearly sufficient to support a finding that Puritan knew the removal of the rock was not part of the contract, was aware of the process of removal and accepted this extra service without protest.

3. Final enumerations assert error in allowing a witness to answer a hypothetical question as to the fair and reasonable value of the work performed in removing the rock, and in finding that the reasonable value of such work was $3,216.17. Puritan insists that "[a] witness should not be permitted to give his opinion on facts stated in a hypothetical question, which facts have not been testified to by other witnesses in the case prior to the asking of such hypothetical question . . ." *Ellis v. Southern R. Co.,* 89 Ga. App. 407 (1) (79 SE2d 541) (1953).

Counsel for Pickering handed Jere Moffit, Puritan's architect, a document introduced as "P-4" which contained figures reflecting the quantity of rock removed and costs therefor and asked him, if the removal quantities were assumed to be correct, whether the stated monetary figure reflected a fair and reasonable value of work performed. Upon Puritan's objection counsel for Pickering requested the court to withhold ruling because he had another witness who was going to testify as to the accuracy of the stated quantities for rock removal. The court complied, ruling that "[i]f you do not connect it up, I

will sustain [the] objection." Moffit then testified that "we approved the prices, and if the quantities are correct, the mathematics should be correct, yes." Thereafter, Pickering's estimator and project manager testified that he took the field measurements from which the quantities were computed and used the hourly wages of Pickering's employees to prepare exhibit P-4 and that the costs shown were not estimated but actual.

The transcript reveals no objection to the admission of P-4 itself, nor that Puritan moved to strike Moffit's testimony as to reasonable value of the rock removal at any time after objection to the question was made or invoked a subsequent ruling on the objection. It has been held under like circumstances that " '[w]here the trial court admits conditionally, over objections, evidence offered by the plaintiff, it is the duty of counsel objecting to the admission of such evidence to invoke a later and final ruling of the court; and the failure of the court to exclude the evidence admitted provisionally on its own motion, where the party making the objections does not renew them, does not constitute reversible error. [Cits.] . . .' " *Fountain v. Smith,* 103 Ga. App. 192, 195 (2) (118 SE2d 852) (1961). Furthermore, unsupported opinion evidence may subsequently "be rendered harmless, as to matters of fact, where such facts are proved by another witness. [Cit.]" *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 719 (3) (128 SE2d 75) (1962). We find no error for any reason assigned and since the judgment of the trial court, sitting as the trior of facts, is supported by competent evidence, that judgment must be affirmed. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419, 420 (3) (241 SE2d 58) (1977).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED NOVEMBER 14, 1979.

*John L. Blandford,* for appellant.
*E. Lewis Hansen,* for appellee.