### 66538. MAHER v. ASSOCIATED VIDEO, INC.

QUILLIAN, Presiding Judge.

The defendant appeals the judgment of the trial judge, sitting without a jury, finding for the plaintiff in the amount of $2,005.75. *Held:*

The defendant contends that this action was on an express contract and there was no evidence of a contract and that damages under the theory of quantum meruit could not be recovered.

The evidence was sufficient to sustain a finding that the parties did enter into a contract whereby the plaintiff was to provide video taping and services incident thereto to the defendant. The evidence also showed that the defendant requested and received additional services in this regard on two subsequent occasions. The record also reveals that the defendant was charged for certain cassettes he was furnished as a part of plaintiff's service to him.

"The rule is that the pleader may declare an express non-special contract, and recover upon proof of an implied promise." *Jackson v. Buice,* 132 Ga. 51, 54 (63 SE 823). Accord, *Hightower v. Scarborough,* 79 Ga. App. 342, 344 (53 SE2d 726); *Gayle v. Greco,* 150 Ga. App. 651 (258 SE2d 301). " 'An action may be brought and sustained on open account for goods sold or services rendered, although there may have been a special contract in writing governing the subject-matter of the suit, where it appears that the plaintiff has fully performed his part of the agreement and nothing remains to be done except for the other party to make payment.' " *Haas v. Jaffe,* 45 Ga. App. 11 (2) (163 SE 226). Moreover, " '[o]rdinarily, when one renders services . . . valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof . . .' Code § 3-107. [Now OCGA § 9-2-7] Even if there is an express contract, if services not contemplated by the original agreement become necessary to achieve the contractual objective and are rendered and accepted, the law implies and enforces performance of a promise to pay for such extra services." *Puritan Mills v. Pickering &c. Co.,* 152 Ga. App. 309, 310 (262 SE2d 586). Accord, *Conway v. Housing Auth.,* 102 Ga. App. 333, 335 (116 SE2d 331); *Kapplin v. Seiden,* 109 Ga. App. 586, 588 (137 SE2d 55); *Smith v. Sharpe,* 113 Ga. App. 838 (149 SE2d 830); *Gardner v. Tarpley,* 120 Ga. App. 192 (169 SE2d 690).

The defendant's enumerations of error are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*Gary W. Bross,* for appellant.
*Harry L. Trauffer,* for appellee.