## 67282. PRO METAL BUILDING SYSTEMS, INC. v. T. E. DRISKELL GRADING COMPANY, INC.

CARLEY, Judge.

Appellee-plaintiff subcontractor brought suit against appellant-defendant general contractor to recover for certain "extra work" that it asserted had not been contemplated under the parties' written agreement. The case was submitted to a jury and a verdict was returned for appellee. Appellant's motion for judgment n.o.v. or new trial was denied and it appeals.

1. In several related enumerations of error appellant raises the general grounds. Appellant first asserts that appellee was already required to perform the "extra work" pursuant to the clear and unambiguous terms of the written contract and therefore cannot recover additional compensation for its performance. The final written contract between the parties provided, in relevant part, that appellee would "[s]upply all labor, material and equipment to do a complete grading job per [appellee's] quote and the drawings dated 8/3/81 and

specifications by John M. Ware, A.I.A. . . . ." Appellant takes the position that the "drawings" and "specifications," to which specific reference was made, had the effect of defining appellee's obligation under the written contract "to do a complete grading job" and that the obligation as thus defined included the work now asserted to be "extra." Although the contract did refer to "drawings" and "specifications," the writing also clearly indicated that appellee's undertaking was to be "per [its] quote." The "quote" referred to was appellee's proposal for "clearing, grading, placing fill in *dock area only*." (Emphasis supplied.) Appellee thus contends that its only obligation under the written contract was to perform pursuant to its "quote" and that the compensation it seeks is for additional work performed other than in the "dock area."

It is unclear whether the "drawings" and "specifications" referred to in the contract were themselves broadly intended to demonstrate that appellee's obligation under the contract included the entire project depicted therein or whether, in a more narrow sense, they were intended solely to orient appellee's performance of certain work in the "dock area only" within the much broader framework of the entire project. We find, as did the trial court, that this ambiguity concerning the extent of appellee's obligation under the contract remains, even after all the rules of construction have been employed. See generally *Salvatori Corp. v. Rubin*, 159 Ga. App. 369 (283 SE2d 326) (1981). Accordingly, the contract is not clear and unambiguous and the trial court did not err in submitting the question of the parties' intent thereunder to the jury.

Appellant also contends that a provision of the written contract requiring written authorization for extra work is an impediment to appellee's recovery, there being no such written authorization for the "extra work" at issue. Our review of the evidence demonstrates that a recovery by appellee was authorized even though the "extra work" was not done pursuant to a written authorization from appellant. The evidence of record demonstrates that the instant case comes within the following legal principle: " 'Where the owner, without claiming that the work is covered by the contract, orally orders extra work, as such, with notice that the contractor regards the work as extra and expects additional compensation therefor, the contractor can recover for the work notwithstanding a stipulation of the contract requiring a written order therefor.' [Cits.]" *State Hwy. Dept. v. Wright Contracting Co.*, 107 Ga. App. 758, 764 (131 SE2d 808) (1963). See also *Biltmore Constr. Co. v. Tri-State Elec. Contractors*, 137 Ga. App. 504, 506 (1) (224 SE2d 487) (1976).

At least some portion of the work for which appellee sought a recovery was work which was covered under the original written contract, but which appellee had to perform twice. Appellant contends

that compensation for the redoing of work so as to comply with performance required under a written contract cannot be recovered under a theory that such remedial work is additional to the contract. However, appellee submitted evidence that such additional work "was occasioned by faulty work" on the part of appellant. *Mion Chemical Brick Corp. v. Daniel Constr. Co.,* 111 Ga. App. 369 (141 SE2d 839) (1965). Accordingly, it cannot be said that, as a matter of law, appellee was unauthorized to receive "extra" compensation for the redoing of such work.

The evidence did not demand a verdict for appellant and authorized that returned in favor of appellee. The general grounds have no merit.

2. In several enumerations of error appellant attacks certain jury charges relating to a recovery in quantum meruit. It is essentially appellant's argument that when services are covered by a written contract, recovery in quantum meruit is unauthorized. As discussed in Division 1, it was a jury question whether appellee's services were covered by the parties' written agreement or whether appellee's services were "extra," undertaken at the direction of appellant with knowledge that additional compensation would be expected. This being so, jury instructions on the theory of quantum meruit were not unauthorized. See generally *Rushing v. Jones,* 68 Ga. App. 300 (22 SE2d 675) (1942).

Remaining contentions that the trial court's instruction on the theory of quantum meruit were erroneous were not raised below. Accordingly, those contentions present nothing for review on appeal.

3. The trial court gave a charge based upon *State Hwy. Dept. v. Wright,* supra, the language of which has already been quoted in Division 1 of this opinion. The giving of this charge is enumerated as error, the contention again being that the "extra" work was in fact covered by the parties' written agreement and that the instruction was therefore not authorized by the evidence. We reiterate that it was a jury question whether or not the work was "extra" or was instead covered under the written agreement. As against appellant's objection, the charge was not erroneously given.

The remaining contention that the charge was erroneous because the trial court did not additionally define "extra work" is without merit. It does not appear that appellant made a written request for such a charge or objected to the failure to give such an instruction.

4. Appellant's motion for judgment n.o.v. or new trial was not erroneously denied.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 6, 1984 —

*James C. Gaulden, Jr., Dana F. Persells*, for appellant.
*Thomas J. Casurella, Thomas J. Browning*, for appellee.