A90A0588. HIRSH et al. v. GOODLETT.
(395 SE2d 626)

CARLEY, Chief Judge.
Appellee-plaintiff performed certain work in connection with the

construction of appellant-defendants' home. When he was not paid, appellee filed suit against appellants and their general contractor. The case was tried before a jury. As against the general contractor, the jury found in favor of appellee and awarded him $860 in damages. As against appellants, the jury also found in favor of appellee and awarded him $5,874 in damages and $30,000 in attorney's fees. Appellants appeal from the judgment that was entered by the trial court on the jury's verdict.

1. Since the jury found the general contractor to be liable to appellee for only $860, appellants urge that the $5,874 verdict that was returned against them is contrary to law and is not supported by the evidence.

Appellants' liability could not exceed that of the general contractor if appellants' liability were dependent upon their status as guarantors of the general contractor's indebtedness to appellee. However, the case was not tried and submitted to the jury under the theory that appellant had specifically guaranteed that appellee would receive the payment that was otherwise owed to him by the general contractor. It was tried and submitted to the jury under the theory that appellants had simply guaranteed that appellee would receive the payment that was otherwise owed to him for his services. The evidence, although conflicting, would authorize a finding that appellee performed $860 in services that the general contractor was otherwise contractually obligated to provide to appellants and would also authorize a finding that appellee performed $5,874 in services that the general contractor was not otherwise contractually obligated to provide to appellants. Accordingly, the general grounds are without merit.

2. The trial court's failure to grant appellants' motion for a directed verdict as to their liability for attorney's fees is enumerated as error.

There was sufficient evidence of bad faith on the part of appellants to authorize a finding of their liability for attorney's fees pursuant to OCGA § 13-6-11. "Bad faith authorizing an award of attorney['s] fees in a contract action must relate to the conduct of entering the contract or to the transaction and dealings out of which the cause of action arose, which includes not only the negotiations and formulation of the contract but also performance of the contractual provisions. [Cit.]" *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482, 484 (2) (361 SE2d 865) (1987). There was evidence that appellants knew from the outset that they, not the general contractor, would ultimately be responsible for paying appellee for the majority of his proposed services but that, after the services had been rendered, they refused to acknowledge their liability for any part thereof and attempted to shift total financial responsibility to the general contrac-

tor. "This evidence would authorize a finding of something 'other than a good-faith belief on the part of [appellants] that [appellee] was asking [them] to pay more than [they were] contractually obligated to pay.' [Cit.] 'Since there was some evidence to support [appellee's] contention on the issue of bad faith, the trial court [correctly denied appellants'] motion for directed verdict on the issue of attorney['s] fees. [Cit.]' [Cit.]" *Beall v. F.H.H. Constr.*, 193 Ga. App. 544, 547 (5) (388 SE2d 342) (1989).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

### DECIDED JUNE 25, 1990.

*Neely & Player, Michael R. Johnson*, for appellants.
*Louis K. Polonsky*, for appellee.