A08A1586. BIEDERBECK et al. v. MARBUT.

(670 SE2d 483)

ADAMS, Judge.

Richard H. Marbut brought suit to recover for services rendered in constructing a house for Lincoln and Anna-Correlia Thompson Biederbeck. Following a trial by jury, Marbut was awarded damages of $457,410, including compensatory damages, costs of litigation, and attorney fees. The trial court denied the Biederbecks' motion for judgment notwithstanding the verdict or a new trial, and the Biederbecks filed this appeal. Since filing the appeal, the Biederbecks have sold the house and paid the judgment, which was subject to a recorded writ of fieri facias.

1. As a preliminary matter, Marbut contends the appeal is moot because the Biederbecks have paid the judgment in full and they chose not to post a supersedeas bond as ordered by the court.[1] We disagree.

"It is well settled in this state that the voluntary payment of the judgment by an appellant renders moot the issues sought to be determined on appeal. [Cits.]" *Imperial Body Works v. Nat. Claims Svc.*, 158 Ga. App. 241, 243 (2) (279 SE2d 534) (1981). See also *City of Columbus v. Barngrover*, 250 Ga. App. 589, 598 (5) (c) (552 SE2d 536) (2001); OCGA § 5-6-48 (b) (3). But payment of a fi. fa. while an appeal is pending does not render the appeal moot, even if the appellant did not post a supersedeas bond on appeal:

> Full payment of the fi. fa. founded on the judgment sought
> to be reversed, pending a writ of error, it not appearing that

---

[10] See *Davis*, supra, 269 Ga. at 279 (2); *Matthews*, supra at 803; *Davis*, supra, 287 Ga. App. at 479 (2).

[1] The Biederbecks asserted that they were unable to pay the amount of the bond.

> any supersedeas was sued out, is no cause for dismissing the writ of error, inasmuch as the defendant below (the plaintiff in error here) would be entitled to recover the money back in case the judgment should be reversed.

*R. & D. R. Co. v. Buice*, 88 Ga. 180 (14 SE 205) (1891). See, e.g., *Hudson v. Alford*, 118 Ga. 669 (45 SE 454) (1903) (following *Buice*); *Toole v. Davis*, 13 Ga. App. 122 (78 SE 865) (1913) (same).

This is so because failure to file a supersedeas bond "only removes the supersedeas feature of the appeal and leaves the appellee free to levy on his judgment, if he chooses to do so, at his peril. [Cit.]" *Hyman v. Leathers*, 168 Ga. App. 112, 113 (1) (308 SE2d 388) (1983). See also *Gist v. DeKalb Tire Co.*, 226 Ga. App. 758, 759-760 (1) (487 SE2d 360) (1997). Thus the Biederbecks were exposed to levy and execution and therefore their payment of the fi. fa. is considered involuntary.

The case of *West v. Brown*, 165 Ga. 187 (140 SE 500) (1927), is distinguishable because in that case, payment of a fi. fa. did not occur pending an appeal of the judgment that resulted in the fi. fa. The case of *Imperial Body Works*, 158 Ga. App. at 241, is distinguishable because in that case no appeal was pending and the defendant was insulated from execution on the judgment by an automatic supersedeas.

2. Marbut also seeks to dismiss the Biederbecks' first enumeration of error. He contends the Biederbecks have failed to satisfy OCGA § 5-6-40 and the rules of this Court because they did not enumerate error as to any specific ruling of the trial court. The Code section requires an appellant to enumerate errors by "set[ting] out separately each error relied upon." OCGA § 5-6-40. The enumeration states the following:

> The Trial Court erred by not striking Appellee's quantum meruit claim and requiring Appellee to proceed on the written contract between the Appellants and Appellee given that the contract covered all changes, extra labor and materials.

As Marbut notes, the Biederbecks never moved to strike his claim of quantum meruit. But appellate courts have "a statutory duty to discern what errors an appellant is attempting to articulate" based on "the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing." *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999). Here, the record shows that the Biederbecks moved for a directed verdict on Marbut's claim of quantum meruit following the plaintiff's case; they then renewed the motion at the

end of trial and sought a motion for new trial on the same grounds. The trial court denied the motions. We will address this ruling. See also *Brown v. Penland Constr. Co.*, 281 Ga. 625 (641 SE2d 522) (2007) (defendant appealed the denial of his motion for a directed verdict on a claim of quantum meruit).

3. In essence, the Biederbecks argue that the parties had a contract and that the terms of that contract govern the entire relationship between the parties. Therefore, they contend, Marbut's claim for quantum meruit had no basis in law or fact.

> [O]n appeal from a trial court's rulings on motions for directed verdict and judgment notwithstanding the verdict, we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments notwithstanding the verdict are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.

(Citation and punctuation omitted.) *Fertility Technology Resources v. Lifetek Med.*, 282 Ga. App. 148, 149 (637 SE2d 844) (2006).

The parties entered into a written agreement dated April 26, 2004, which they amended in June 2004. The April agreement provides that the contract price will equal the "Contractor's actual job costs plus [15%] as Contractor's profit." It described "the work" as construction of a residence "in accordance with the plans entitled 'Brentwood Cottage' by Spitzmiller & Norris, Architects. . . ." The June amendment reiterates that the project was a "cost plus" job, and it added one provision:

> The contract is a "cost plus" job; however, based upon the current plans, allowances and specifications, the cost of construction shall be [$575,000] subject to adjustments for selection of extras, change orders and overages/underages in allowances.

But at the time of the amendment to the contract, the parties only had architectural drawings; there were no detailed plans, allowances and specifications, or a materials list. Marbut was looking to the Biederbecks to provide the details necessary to take the project from drawings to a completed house.

The written contract as amended provided that it represented the entire agreement between the parties, that changes to the work required a modification or change order, and that any such modification had to be signed by all parties and attached to the contract.

Furthermore, the agreement provided that "no representation, promise or inducement not included in this Contract shall be binding upon any party hereto. . . ." The parties never executed any written change orders or other modifications to the original agreement as amended.

Marbut began construction after the amendment was signed and eventually completed the residence, but he testified at trial that he performed significant unanticipated work requested by the Biederbecks and that the Biederbecks selected expensive materials, neither of which were included in the June estimate and for which he was entitled to be compensated. The additional work included a larger garage with an apartment, a porte-cochere, stone retaining walls, and a finished basement; the expensive materials included, for example, granite counters, expensive cabinetry, slate, and even trees. Marbut introduced evidence of his costs to complete the project, which totaled $872,620.25, which, together with the 15% profit comes to $1,003,513.20. He was paid $575,000 in the form of draws from the Biederbecks' construction loan. In addition, the Biederbecks paid him $40,000 over that amount and, at one point, promised to pay the total amount that he had requested. In his testimony, Mr. Biederbeck admitted that the plans did not call for a three-car garage, which was in fact constructed. He admitted that he paid $40,000 for additional work without a written change order. And he admitted learning two and one-half months before the house was completed that Marbut estimated the total cost would significantly exceed the $575,000 estimate. The Biederbecks eventually listed the house for sale at $1,450,000.

At trial, the Biederbecks argued that the contract amendment established a fixed cost and that the contract required written change orders to exceed that amount, of which there were none. They also argued that the contract covered the entire agreement between the parties and that Marbut was not entitled to recover outside the contract.

The jury found in favor of Marbut. On the verdict form, the jury did not award damages for breach of contract. Rather, the jury awarded damages in quantum meruit for the amount sought by Marbut, $388,895 — the difference between what he had already been paid and $1,003,513.20.

This enumeration is controlled by the following principle of law:

> Where the owner, without claiming that the work is covered by the contract, orally orders extra work, as such, with notice that the contractor regards the work as extra and expects additional compensation therefor, the contractor

> can recover for the work *notwithstanding a stipulation of the contract requiring a written order therefor*.

(Citations and punctuation omitted; emphasis supplied.) *Pro Metal Bldg. Systems v. T. E. Driskell Grading Co.*, 170 Ga. App. 127, 128 (1) (316 SE2d 574) (1984). See also *Maher v. Associated Video*, 167 Ga. App. 763, 764 (307 SE2d 545) (1983); *Gardner v. Tarpley*, 120 Ga. App. 192 (169 SE2d 690) (1969). The jury was charged as follows:

> [W]hen an express contract between the parties exists, then the value of such services and other terms will be set by it, and the plaintiff would not be authorized to recover on quantum meruit, unless you find that the plaintiff performed services not contemplated by the parties in the original written contract.

In this case, the jury was presented with conflicting evidence from the defendants themselves regarding whether the additional work was included in the original agreement — they made a payment without a written change order, which could be seen as having been made outside the contract for services not contemplated within that agreement. Thus, like in *Pro Metal*, a jury question was presented as to "whether appellee's services were covered by the parties' written agreement or whether appellee's services were 'extra,' undertaken at the direction of appellant with knowledge that additional compensation would be expected." *Pro Metal*, 170 Ga. App. at 129 (2). Compare *Choate Constr. Co. v. Ideal Electrical Contractors*, 246 Ga. App. 626, 630 (4) (541 SE2d 435) (2000) (quantum meruit not allowed where all work was "contemplated and provided for under the [agreement]"). Accordingly, Marbut was entitled to assert a claim in quantum meruit, "notwithstanding a stipulation of the contract requiring a written order [for all changes]." *Pro Metal*, 170 Ga. App. at 128 (1). The trial court did not err by denying the Biederbecks' motion for a directed verdict on this claim. See also *Puritan Mills v. Pickering Constr. Co.*, 152 Ga. App. 309 (1) (262 SE2d 586) (1979) (suit allowed in quantum meruit for rock removal work despite express contract and written change order, where change order regarding excavation did not contemplate removal of hidden rock).

4. The Biederbecks also contend the trial court should have granted their motion to exclude from evidence the real estate listing on the property. Marbut wanted to introduce the information not to show the value of the completed house, but to show the value the Biederbecks assigned to the house. He claimed it was relevant to his claim in quantum meruit and to the Biederbecks' negligent construc-

tion counterclaim. "[T]he grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. . . . A trial court's ruling on a motion in limine is reviewed for abuse of discretion." (Citations and punctuation omitted.) *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005).

The trial court allowed the evidence but limited its use. The court ruled that the information could be used only

> to show the Defendants' opinion of the value of their home (in regard to the quantum meruit and negligent construction claims), but [Plaintiff] may not introduce this evidence to show the fair market value of the home.

The court ruled that in order to balance the probative value of the evidence with the possible prejudicial effect and potential for jury confusion, it would give the jury a limiting instruction. The court charged the jury as follows:

> Now, ladies and gentlemen of the jury, any evidence admitted concerning the listing of the house/property for sale was not admitted as direct evidence of the value of the house/property, but was admitted merely as a basis for the opinion evidence of the defendants.

We find no abuse of discretion.

> Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.

(Citation omitted.) *Cornelius v. Macon-Bibb County Hosp. Auth.*, 243 Ga. App. 480, 487 (5) (533 SE2d 420) (2000). As the trial court noted, the Biederbecks' listing price was relevant to the claim of quantum meruit. "Where quantum meruit is applicable, the provider may recover the reasonable value of goods or services transferred, but value is defined in terms of value to the recipient." *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 62-63 (1) (537 SE2d 670) (2000). Also, the Biederbecks countersued for negligent construction, and the listing price could be relevant to the degree to which the Biederbecks

thought the home's value had been affected by any such negligent construction. Furthermore, the trial court instructed the jury to limit its use of the information. We cannot conclude that the trial court abused its discretion.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 24, 2008.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr.*, for appellants.
*Blasingame, Burch, Garrard & Ashley, E. Davison Burch, Thomas F. Hollingsworth III*, for appellee.