A10A0839. HARRIS et al. v. TUTT.
(702 SE2d 707)

POPE, Senior Appellate Judge.

C. Preston Tutt, a builder, filed a breach of contract action against Jeffery and Daniela Harris, alleging that they failed to compensate him in accordance with the terms of his contract following the construction of their custom home. A jury found in favor of Tutt and awarded him both compensatory damages and attorney fees, and the trial court entered judgment on the jury's verdict. The Harrises appeal, asserting that the amount of the jury's verdict is against the weight of the evidence. They further argue that the trial court erred by permitting Tutt to amend his complaint after the trial had commenced and by denying their motion for directed verdict on the issue of attorney fees. We find no error and affirm.

1. Without challenging the jury's finding of liability, the Harrises argue that the amount of the verdict was against the weight of the evidence.

> [W]here a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it[,] as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

(Citation omitted.) *Al and Zack Brown, Inc. v. Bullock*, 238 Ga. App. 246, 247 (518 SE2d 458) (1999). See also OCGA § 13-6-4 ("The question of damages being one for the jury, a reviewing court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias.").

The construction contract executed between Tutt and Jeffery Harris entitled Tutt to receive a builder's fee totaling 12% of "the total cost of construction." The "total cost of construction" was defined as "a cumulative total [of] all materials and labor used to complete [the] project."

During the trial, Tutt testified and presented documentary evidence to support his contention that the cost of construction of the Harrises' home totaled $822,931.02 in materials and labor, entitling him to a 12% total of $98,751.72. Taking into account the sums that the Harrises had previously paid, Tutt asserted that he was entitled to damages in the amount of $61,556.72. The jury's actual damage award of $48,612.08 was well within the range of payment to which Tutt was contractually entitled and was otherwise authorized by the legal evidence submitted at trial. See *Bullock*, 238 Ga. App. at 248-250 (1); *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 854-855 (1) (a) (501 SE2d 30) (1998); *Hirsh v. Goodlett*, 196 Ga. App. 127, 128 (1) (395 SE2d 626) (1990); *Gray v. Nelson Irrigation*, 132 Ga. App. 503, 505 (4) (208 SE2d 346) (1974).

2. The Harrises further assert that, after the commencement of the trial, the trial court erred by granting Tutt leave to file an amended complaint that included a claim for attorney fees. Their argument lacks merit.

As an initial matter, Tutt, mistakenly believing that his office had filed the amended complaint, notified both the trial court and the Harrises of the amendment and his claim for attorney fees before the trial began. The Harrises consented to the filing at that time. It was only after the trial had commenced and the first witness had

testified that Tutt discovered that the amended complaint had inadvertently not been physically filed, at which time he sought leave from the court to file it.

To the extent that the Harrises did not waive an objection to the filing of the amended complaint, the trial court did not abuse its discretion by allowing it. While it is true that Tutt was required to obtain leave of court because the pleading had not been filed prior to the commencement of trial, see *Investment Properties Co. v. Watson*, 278 Ga. App. 81, 85 (3) (628 SE2d 155) (2006), the law nonetheless expressly provides that "[l]eave shall be freely given when justice so requires." OCGA § 9-11-15 (a). See *Corey v. Clear Channel Outdoor*, 299 Ga. App. 487, 494 (3) (683 SE2d 27) (2009). "Not only is the right of amendment very broad, but so is the court's discretion in this regard, and its determination will not be disturbed absent abuse." (Punctuation and footnote omitted.) *Investment Properties Co.*, 278 Ga. App. at 85 (3). See *Corey*, 299 Ga. App. at 494 (3). The Harrises cannot show that they were prejudiced by the filing of an amended complaint of which they had prior notice and to which they had already consented; thus, they have presented no grounds for reversal. See generally *Total Car Franchising Corp. v. Squire*, 259 Ga. App. 114, 115-116 (1) (576 SE2d 90) (2003); *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41, 43-44 (2), (3) (230 SE2d 26) (1976).

3. Finally, the Harrises contend that the trial court erred in denying their motion for directed verdict on the issue of attorney fees. We disagree.

Although each party generally bears his or her own expenses of litigation, OCGA § 13-6-11 authorizes an award of attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The Harrises argue that, because a bona fide controversy existed between them and Tutt, the award of attorney fees was improper. See *Williams Tile &c. Co. v. Ra-Lin & Assoc.*, 206 Ga. App. 750, 752 (5) (426 SE2d 598) (1992) ("The existence of . . . a bona fide controversy would preclude a recovery of OCGA § 13-6-11 attorney's fees on the theory that appellant had been stubbornly litigious or caused appellee unnecessary expense, notwithstanding that the jury ultimately resolved that controversy in favor of appellee."). But, even assuming that there did exist a genuine controversy about the amount of Tutt's compensation, "the existence of a bona fide controversy will not defeat a claim for attorney fees under OCGA § 13-6-11 when bad faith is an issue."[1] *Home Ins. Co. v. Wynn*, 229 Ga.

---

[1] The Harrises' contention that bad faith was not an issue under consideration in this case is not supported by the record. Rather, they moved for directed verdict specifically on the

App. 220, 223 (3) (493 SE2d 622) (1997). To this end,

> [b]ad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. So defendants can be held liable for attorney fees if they committed the breach in bad faith.

(Citation and punctuation omitted.) *Wheat Enterprises*, 231 Ga. App. at 857 (1) (c). The question of bad faith is one for jury resolution. *Unique Designs v. Pittard Machinery Co.*, 200 Ga. App. 647, 651 (2) (a) (409 SE2d 241) (1991).

There was evidence from which the jury could have concluded that the Harrises wilfully failed to disclose and/or misrepresented to Tutt certain construction costs that otherwise should have been included in the calculation of his compensation. "This evidence would authorize a finding of something other than a good-faith belief on the part of [the Harrises] that [Tutt] was asking them to pay more than they were contractually obligated to pay." (Citation and punctuation omitted.) *Hirsh*, 196 Ga. App. at 128-129 (2). It follows that the trial court did not err in denying the Harrises' motion for directed verdict and allowing the issue of attorney fees to go to the jury. See generally id.; *Wheat Enterprises*, 231 Ga. App. at 856-857 (1) (c); *Beall v. F. H. H. Constr.*, 193 Ga. App. 544, 547 (5) (388 SE2d 342) (1989).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 7, 2010.

*Randolph Frails*, for appellants.
*John M. Brown*, for appellee.

---

issue of bad faith, which the trial court denied, and the jury was charged that a finding of bad faith would support an award of attorney fees.