**THIRD DIVISION
BARNES, P. J.,
BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A1165. ONE BLUFF DRIVE, LLC et al. v. K. A. P., INC.

BRANCH, Judge.

A jury returned an award of $400,000 to a contractor on its claims against certain homeowners for failure to pay the contractor in full for a major house renovation; the jury also awarded $112,221 of attorney fees for bad faith, stubborn litigiousness or causing the contractor unnecessary trouble and expense. Following the denial of the homeowners' motion for new trial, the homeowners appeal. The homeowners do not challenge the sufficiency of the evidence. Instead, they contend the trial court erred by charging the jury on quantum meruit and by denying their two motions that attempted to limit the contractor's possible damages. For the reasons stated below, we affirm.

On appeal following a jury verdict and judgment, this Court "must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict." *Harris v. Tutt*, 306 Ga. App. 377, 378 (1) (702 SE2d 707) (2010) (citation and punctuation omitted).

So construed, the evidence presented at trial relevant to the claims on appeal shows that in 2006, K. A. P., Inc. ("KAP"), a general contractor, through its owner/president, John Kicklighter, entered into an agreement with One Bluff Drive, LLC and its sole member, Kenneth R. Hardigan, to supervise the construction of improvements to the bottom floor of Hardigan's residence located at 1 Bluff Drive in Savannah. After KAP commenced work, Hardigan fired the architect, hired a replacement, and significantly revised the scope of the project, including adding the second floor to the scope. In response, KAP prepared a two-page, "Main Summary Base Bid" showing a $1,092,943 estimated cost to complete the project as of September 5, 2007; the detail supporting documents were attached thereto.

The Base Bid document is a table of values for the different aspects of the project; it does not contain any contractual provisions or a projected completion date. It was an estimate based on information that was limited at the time because Hardigan

2

had changed architects and the second architect had yet to prepare specifications or a schedule for completion. KAP presented the Base Bid to Hardigan that evening, and the parties added a "contingency" of $107,057 to bring the total estimate to $1.2 million; it was understood, however, that any changes to the scope of the project reflected in the Base Bid would change the cost of the project. Thus, Kicklighter testified, the project was to be billed on a time and materials basis. In meetings with representatives of KAP, Hardigan acknowledged that he understood the nature of the Base Bid. The Base Bid also reflects that KAP chose not to charge for any overhead or profit; Kicklighter testified that he did so because of his friendship with Hardigan and because the two had worked together on several other projects. The following day, KAP delivered a letter to Hardigan that referenced their meeting on the prior evening "with regards to the budget number we met about last night." The letter continued, "The 1.2 million budget (worked on a time and material basis) for KAP was based upon the newly acquired renovation drawings from [the second architect]."

After work continued on the project, Hardigan increased the scope of the work "many times," including changes that required ripping out work already performed. KAP presented evidence that because of additions and changes to the scope of the work, the total cost of time and materials for the project exceeded $1.5 million. Given

3

that the parties stipulated that Hardigan ultimately paid KAP $1,102,479.30, KAP presented evidence that Hardigan owed KAP in excess of $459,000. At one point toward the end of the project, Hardigan contacted KAP and asked, "I need a number from you to complete this house. I don't know what the number is, but could you give me the number that it's going to take to finish this house?" Hardigan intended to borrow additional funds to complete the project based on that number. Based on the information available at that time, KAP projected the remaining costs to be $300,000, and Hardigan sought and obtained an additional loan of $350,000 but did not use it to pay KAP. KAP finished the project, obtained a certificate of occupancy, and submitted the final two invoices totaling $511,243 to Hardigan. Hardigan moved into the house and lived there for three years but never paid KAP the total amount due.

On September 29, 2009, KAP filed suit to foreclose on a lien it filed in May 2009. On December 28, 2010, the appellants moved for partial summary judgment, arguing that KAP's Base Bid represented a fixed-sum contract and, therefore, that the amount of damages KAP could recover was limited to the costs of the extras and changes beyond the scope of the original contract. On June 17, 2011, the trial court denied the motion, rejecting the argument that the parties entered into an agreement as to the maximum amount that could be charged for changes to the Base Bid. On

4

November 14, 2011, the appellants moved in limine to prohibit KAP from introducing evidence of the total costs of the project. The trial court denied the motion. The case was tried before a jury in September 2013.

1. The appellants contend the trial court erred by charging the jury on the law of quantum meruit because KAP never raised a claim under that theory and that KAP was required to plead quantum meruit in a separate count. We hold that the appellants' arguments are baseless as a matter of fact and law.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence. If there is even slight evidence on a specific issue, it is not error for the court to charge the jury on the law related to that issue." *Jones v. Sperau*, 275 Ga. 213, 213 (2) (563 SE2d 863) (2002). "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." *Davis v. State*, 269 Ga. 276, 279 (496 SE2d 699) (1998). We therefore review the issue de novo. See *Jordan v. State*, 322 Ga. App. 252, 256 (4) (a) (744 SE2d 447) (2013).

The essential elements of a claim of quantum meruit are that the provider performed services valuable to the recipient that were requested by or knowingly accepted by the recipient, that the recipient's receipt of the services without compensating the provider would be unjust, and that the provider expected

5

compensation at the time the services were performed. *Hollifield v. Monte Vista Biblical Gardens*, 251 Ga. App. 124, 128-129 (2) (a) (553 SE2d 662) (2001). See also OCGA § 9-2-7 ("Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."). And, even if there is an express contract,

> if services not contemplated by the original agreement become necessary to achieve the contractual objective and are rendered and accepted, the law implies and enforces performance of a promise to pay for such extra services.

*Puritan Mills, Inc. v. Pickering Const. Co.*, 152 Ga. App. 309, 310 (1) (262 SE2d 586) (1979) (citations omitted).

In its complaint, which does not contain specific counts, KAP alleged that it entered into a contract to supervise the construction of improvements to Hardigan's residence but that "[t]hroughout the duration of the project, [appellants] ordered several additional improvements and further extensive renovations to be made to the residence"; that appellants "altered the scope of the project"; that "additional labor was required to remove improvements [already] complete[d] or in progress as well as to rebuild according to [appellants'] newly modified designs"; and that "[appellants] also significantly increased the scope of the project." The complaint also

6

alleges that appellants "were fully aware of any and all changes to the estimates previously provided"; that appellants "approved the changes and agreed to any and all ensuing changes to the originally agreed-upon price"; and that KAP remained uncompensated for the "reasonable value of [its] work."[1]

The Civil Practice Act, which has been effective since September 1, 1967, "abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' authorized the pleading of conclusions, and directed that 'all pleadings shall be so construed so as to do substantial justice.'" *Nee v. State Farm Fire & Cas. Co.*, 142 Ga. App. 744, 745 (236 SE2d 880) (1977) (citation omitted). Thus, "a complaint is not required to set forth a cause of action, but need only set forth a claim for relief." *Oliver v. Irvin*, 230 Ga. 248, 249 (1) (196 SE2d 429) (1973). See also *Webb v. Bank of America, N.A.*, 328 Ga. App. 62 (761 SE2d 485) (2014). Accordingly, it has been held under the CPA that even a two-paragraph complaint that alleged damages arising out of the provision of services but that "contain[ed] no claim for quantum meruit and no details outlining such a claim," raised "a fair inference" of a claim of quantum meruit.

---

[1] The pretrial order and the amended pretrial order also contain straightforward assertions that significant work was performed in addition to that contemplated by the 2007 version of the agreement between the parties, that the appellant requested and accepted the work, and that KAP expected compensation for the work.

*Gosule v. Bestco, Inc.*, 227 Ga. App. 863, 866 (2) (a) (490 SE2d 532) (1997).

Likewise, a complaint that alleged

> that on a given date 'plaintiff at the request of the defendant . . .
> performed certain work, labor and services and furnished certain steel
> materials' etc., and that by reason thereof 'defendant agreed to and
> became obligated to pay plaintiff the sum of $32,507.49' [and] that
> $32,507.49 'was the reasonable worth and value of the services
> performed and material furnished,'

was sufficient to raise claims of both breach of contract and quantum meruit. *G. E. C. Corp. v. Southern Fabricators*, 122 Ga. App. 452, 455 (3) (177 SE2d 497) (1970). The allegations in the complaint in the present case, as well as the assertions in the amended pretrial order, are obviously sufficient to raise a claim of quantum meruit in addition to a claim of breach of contract.[2]

Moreover, the case law cited by the appellants to the effect that KAP was required to plead quantum meruit and breach of contract in two separate counts of the complaint has been superseded by the CPA; the two cases either pre-date the adoption

---

[2] The appellants also argue that the allegations in the complaint and the assertions in the pretrial orders fail to claim the correct measure of damages for a claim of quantum meruit. But again, under notice pleading, KAP was not required to set forth a perfect cause of action to put the appellants on notice of its claims.

of the CPA or rely on such case law. See *Stowers v. Hall*, 159 Ga. App. 501, 501 (1) (283 SE2d 714) (1981) (physical precedent only) (relying on case law from 1960 for the proposition that claims of breach of contract and quantum meruit must be plead separately "in a two-count petition") (citation omitted); *Franklin v. Gwinnett County Pub. School*, 200 Ga. App. 20, 25 (2) (407 SE2d 78) (1991) (relying on a 1946 case for the proposition that a party should assert different theories of recovery in separate counts in one suit); *Brannen v. Lanier*, 97 Ga. App. 30 (2) (102 SE2d 96) (1958); *Spence v. Erwin*, 200 Ga. 672, 673-674 (2) & (3) (38 SE2d 394) (1946).

Finally, although a plaintiff is estopped to recover in quantum meruit where the parties have an express agreement "for the same thing existing at the same time between the same parties," a party "is entitled to the reasonable value of services he performed which were . . . outside the scope of the written agreement" and "[t]he reasonable value of extra work performed in addition to what the contract contemplated can be recovered in quantum meruit." *Gerdes v. Russell Rowe Communications, Inc.*, 232 Ga. App. 534, 537 (3) (502 SE2d 352) (1998) (citation and punctuation omitted). Thus, where a jury is presented with conflicting evidence "regarding whether the additional work was included in the original agreement," the contractor is "entitled to assert a claim in quantum meruit." *Biederbeck v. Marbut*,

9

294 Ga. App. 799, 803 (3) (670 SE2d 483) (2008) (citation omitted). Compare

*Kwickie/Flash Foods v. Lakeside Petroleum*, 246 Ga. App. 729, 730 (541 SE2d 699)

(2000) (recovery in quantum meruit not authorized where plaintiff's claim of

quantum meruit is based on "the contract between the parties alone"); *American*

*Teleconferencing Svcs. v. Network Billing System*, 293 Ga. App. 772, 777 (3) (b) (668

SE2d 259) (2008) (recovery under quantum meruit not allowed where claim sought

the same "monies that were due under [the contract]") (citation and footnote omitted).

In this case, KAP clearly raised the issue whether all of KAP's services were

covered by the Base Bid or whether the appellants requested and received additional

services beyond the scope of that agreement. The amended pretrial order shows that

the additional services issue was the central issue in the case. In the pretrial order,

KAP asserted that the $1.2 million Base Bid "represented the entirety of the work

*then contemplated*," but "almost immediately after KAP began work according to .

. . the Base Bid, Defendant Hardigan proceeded to increase the scope of the work

significantly by ordering several additional improvements, renovations, fixtures, and

changes to materials to be used in the Project." (Emphasis supplied).[3] The appellants,

---

[3] KAP's portion of the amended pretrial order asserts the parties agreed that the entire project would be billed on a "time and materials" basis.

10

on the other hand, asserted that the Base Bid was a "fixed price contract" that included "'$100,000 of cushion' for upgrades and changes made during the construction process," and that KAP never "submitt[ed any] written change orders or suggested that changes had been made which increased the contract price." The entire trial concerned how much more, if any, KAP was entitled to recover than the amount specified in the Base Bid.

Because a claim of quantum meruit was raised in the pleadings and pretrial order, the jury was presented with evidence regarding that claim, and the law supports a claim of quantum meruit under KAP's version of the facts, the trial court did not err by charging the jury on quantum meruit. See, e.g., *Llop v. McDaniel, Chorey & Taylor*, 171 Ga. App. 400, 402 (3) (320 SE2d 244) (1984) (trial court authorized to charge jury on law of quantum meruit where plaintiff hired attorney, attorney performed services of a stated reasonable value, plaintiff accepted the services but refused to pay, and as a result, the plaintiff was unjustly enriched).

2. The appellants next contend the trial court erred by denying their motion for partial summary judgment. In their motion, the appellants asserted that KAP's damages should be limited to "the amount of the extras or changes to the amount of the Base Bid." The appellants relied on Kicklighter's deposition testimony to the

11

effect that there were only thirteen categories of changes to the Base Bid contract; they argued that KAP sought to recover only the costs associated with those changes; and they alleged that those costs amounted to $379,536.53 and not $459,109.83 as KAP sought at trial. This issue is clearly moot.

> Generally, after verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case. Where a motion for summary judgment is overruled on an issue and the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any error in overruling the motion for summary judgment is harmless.

*Legacy Academy v. Mamilove, LLC*, 328 Ga. App. 775, 779 (1) (___ SE2d ___) (2014) (citation and punctuation omitted.) The only exception to the rule is that

> if the legal issues raised and resolved in denying the motion for summary judgment were not considered at trial, then the denial of the motion is not rendered moot by the verdict and judgment. Under such circumstances, a party may appeal the denial of summary judgment as part of the party's direct appeal from the final judgment, and the denial will be reviewed and determined by this Court.

*Coregis Ins. Co. v. Nelson*, 282 Ga. App. 488, 489 (1) (639 SE2d 365) (2006) (citations and punctuation omitted).

12

Here, the issue of KAP's damages, including whether they should be limited, was raised and considered at trial. The trial court denied the appellants' motion in limine to exclude testimony or evidence of KAP's "total costs" of performing the contract thereby allowing the issue to be presented to the jury (see Division 3); Kicklighter testified at trial regarding the "changes to the project over the base bid"; appellants cross-examined Kicklighter on the method of calculating damages and about how the same issue was raised on summary judgment; KAP introduced invoices for the extra work performed; and even appellants' own expert testified about the reasonableness of each and every expenditure by KAP whether contemplated by the Base Bid or contained in a request for additional work. Accordingly, because the legal issue raised and resolved in denying the motion for summary judgment was considered at trial, this enumeration of error is moot.

3. Finally, the appellants contend the trial court erred by denying their motion in limine to exclude testimony or evidence of KAP's "total costs" of performing the contract. We review the trial court's decisions on the admissibility of evidence, including a denial of a motion in limine, for an abuse of discretion. *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005); *Toler v. Ga. Dept. of Transp.*, 328 Ga. App. 144, 145 (761 SE2d 550) (2014). And motions in limine should only

be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial:

> By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.

*Andrews v. Wilbanks*, 265 Ga. 555, 556 (458 SE2d 817) (1995) (citation omitted). The appellants have not shown an abuse of discretion in this case.

In their motion in limine, the appellants asserted that the $1,092,943 Base Bid represented the "contract price for the agreed scope of the work on the project"; that KAP admitted in a deposition that the total amount it spent on the changes/extras amounted to $379,536.53; that in addition to this amount, "[KAP] also intends to introduce evidence or testimony regarding the total costs of this project"; and that "this amount is separate and exceeds the total of the contract price plus the costs of the changes/extras." KAP argued that this "total cost" evidence was irrelevant and would confuse the jury. The trial court denied the motion without elaboration. On appeal, the appellants argue that this Court should adopt federal jurisprudence that holds that the "total cost method" should be used only "when actual costs for the

14

change are unavailable and there is no acceptable estimate of the costs involved in the change." *United States v. R. M. Wells Co.*, 497 FSupp 541, 545 (S.D. Ga. 1980).

What the appellants miss, however, is that KAP presented evidence that the parties agreed that KAP would be compensated on a time and materials basis, which was explained to the jury to mean that KAP would receive payment for any labor and any material used in performing the work. Thus KAP was authorized to introduce all evidence of labor and material costs incurred on the project. Accordingly, the trial court did not abuse its discretion by denying the appellants' motion in limine.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*